Piper *et al. vs.* Wade.

---

ALEXANDER PIPER *et al.*, plaintiffs in error, *vs.* JAMES A. WADE, administrator, defendant in error.

1. A new note for a less sum than the old note, given in renewal thereof, is presumptive evidence that all differences between the parties were adjusted and settled when such new note was given.
2. Such presumption may be rebutted, but it must be upon clear and satisfactory evidence that both parties agreed and intended that the settlement made when the new note was given, was not final, and that any defense which could have been made to the old note, might still be made to the new one.
3. A request to charge, unauthorized by the evidence, should not be given.
4. Even if any error in charging or refusing to charge had been committed, the verdict should stand, if right in any view of the facts disclosed by the record.

Accord and satisfaction.    Presumption.    Evidence.    Charge of court.    New trial.    Before Judge CRAWFORD.    Troup Superior Court.    November Term, 1875.

Reported in the opinion.

BIGHAM & WHITAKER, for plaintiffs in error.

FERRELL & LONGLEY, for defendant.

JACKSON, Judge.

This was a suit for $600 00 on a note dated in 1866. The plea of defendant was to the effect that this note was given in renewal of an old *ante-bellum* note, the consideration of which was a negro bought at Wade's intestate's sale; that at the time the new note was given, it was agreed and understood that all defenses to the old note should be allowed to the new one, the latter being given merely to renew the old one. The testimony on this point was conflicting, but very strongly, we think, indicating that there was no such agreement or understanding, the plaintiff positively swearing that there was none, and the defendants admitting that plaintiff did not agree to any such outside contract, but that they did reserve the right to insist on defenses to the old note, and plaintiff knew that they reserved this right. Plaintiff denied that anything of the sort occurred, but that the old note was compromised and the new one given after full settlement of all differences and equities, he insisting on settlement or suit in 1866. Defendants admitted that he did threaten suit.

On this state of facts the court charged to the effect that the presumption of law was that all prior matters and differences were closed up by the new note, and defendants must prove an agreement or understanding between the parties at the time it was given, before they could go behind it to open the settlement. The jury found for the plaintiff; the defendant moved for a new trial on various grounds; it was refused, defendants excepted, and the case is here for review.

The main point, indeed—when the case is stripped of surplusage and repetition and requests to charge not authorized by the issues and the evidence—the only point made by the defendants below, the plaintiffs in error here, is that the court

erred in charging that unless both sides agreed and understood the contract to be that defenses to the old note should come into the new one, they could not be admitted, but that he ought to have charged that if defendants reserved their rights, whether plaintiff agreed to it or not, they could set them up. We think that the law is with the court. It takes two to make a bargain; and the presumption of law that a new note, for a smaller amount, given for an old one, settled up all equities and differences and disputes about the old note, can only be rebutted by an agreement or mutual understanding that this principle of law was waived.

2. It is not rebutted when one party tells the other I shall insist on my defenses, even if this was done, which is disputed here, and the other says, insist as much as you please, but if you don't settle these old matters I must sue, for I must wind up this estate. All sides admit that Wade, the plaintiff, said this, and it is quite strange if he said it that he should, at the same time, have agreed or hinted that the defendants might make the same defenses to the new as to the old note. This would have been no settlement, but would have left matters as bad as, or worse and more complicated than, before. Nor do we think that the case of *McLendon vs. Wilson, Callaway & Company,* 52 *Georgia Reports,* 42, relied on by counsel for plaintiff in error, decides the contrary. In that case the chief justice, who delivered the opinion, says: "This charge of the court excluded from the consideration of the jury the defendant's evidence as to what he says was the intention and understanding of *the parties.*" What parties? Undoubtedly he must mean both, for one side could not make parties. That is precisely what the court below charged in the case at bar, and when this case was put to the jury—the understanding of the parties—not of one, but of both parties. Any other rule would admit parol proof of the intention and understanding of one party to open every settlement made in writing; and in these days, when all parties can swear as witnesses, it would leave the opening of every written bargain at the option of every unprincipled or untruthful party. If

such a principle had been ruled by any court, we should hesitate to give it our sanction and yield to its authority. This court has never held it. Besides, the plea of defendants makes no such a point. That puts the case upon an agreement and understanding of both parties.

3. Nor do we think that the court erred in refusing the charge of defendants, orally requested, that if plaintiff knew that such was the understanding of defendants he was bound by it, or to use the exact language of the record, " that the understanding of one party known to the other party, may be taken as the intention of the parties." The charge was unauthorized by the evidence. All the testimony is to the effect that plaintiff protested against the agreement, and defendants both prove that he never did or would assent thereto. How could his assent or intention, then, as one of the parties, be inferred in this case to the contrary of what everybody swore he said and did on the settlement?

4. But even if the settlement were opened, the proof wholly fails to show that it was not right. To our minds, in any view of the case disclosed in this record, the verdict of the jury is right, and the judgment must be affirmed. There was no error in striking the plea in respect to the irregularity of the sale of the negro.

Judgment affirmed.