THOMAS J. WINDHAM, plaintiff in error, *vs.* JESSE DOLES *et al.*, defendants in error.

1. Agreement of counsel that a certain case shall abide the judgment of the supreme court on a certain other case, cannot be enforced or specifically performed, if the latter case be not brought to the supreme court and decided by it.

2. The purchaser of lands, who gave his notes therefor in 1870, and renewed them from time to time after they got into the hands of a bearer, who bought before due and for value, and gave said bearer, in 1873, new security and indorsement thereon for the balance due, with time extended for payment, cannot set up the partial failure of consideration in the original trade, against the payment of the notes so renewed, although the bearer may have heard of the partial failure of consideration. The renewal for the consideration of addi-

tional time, and the new parties to the renewed contract, make a novation which estops the defendants from opening the question of the original consideration.

Practice in the Superior Court. Contracts. Novation. Promissory notes. Before Judge CLARK. Macon Superior Court. May Term, 1877.

Plaintiff brought complaint against defendants. The evidence for plaintiff was, in brief, as follows:

In 1870 one Dixon sold certain land to Doles for $2,500.00; it was sold in the lot, and not by the acre. One thousand dollars was paid on the purchase money, and notes given for the balance. One of these notes was traded by Dixon to plaintiff for value, and before due—Dixon indorsing it. When it became due, Doles made a payment on it, and gave a new note to plaintiff. Afterwards another payment was made, and renewal had, giving further time, when J. T. F. Doles also signed. Dixon indorsed each time. On these last renewal notes the present suit is founded. Before the last renewal, plaintiff heard that there was complaint about the land being short.

The evidence for defendants differed from that for plaintiff in the following points:

The sale of the land was of 500 acres, at $5.00 per acre; it has since been surveyed and found to contain only $338\frac{1}{2}$ acres. In 1872, plaintiff was heard to say, once or twice, that he knew the land was short, and therefore required Dixon's indorsement of the notes.

The jury found for defendants. Plaintiff moved for a new trial. The motion was overruled, and plaintiff excepted.

The remaining facts will be found in the opinion.

W. S. WALLACE; A. A. CARSON; FISH & DUPREE, for plaintiff in error.

W. A. HAWKINS, for defendants.

JACKSON, Judge.

This was a suit upon two notes, for two hundred dollars each, brought by Windham against Jesse Doles and John T. F. Doles, and Dixon, as indorser thereon. Two points are made in the record: first, were the defendants bound by an agreement in writing made by the counsel to abide the judgment of this court upon a similar case decided at the same term of the superior court, and to be brought to this court? and, secondly, is the verdict against the law and the evidence?

1. In respect to the first point, it was agreed to submit to a verdict for plaintiff if this court affirmed the verdict below in a similar case to be brought here from a judgment rendered at that term of the court below; but the case was not brought to this court, and no judgment at all was rendered. Hence there can be no specific performance of the agreement, for nobody can tell what judgment would have been made in the other case. If it were reversed, then the two cases were to be consolidated and to be tried together according to the law ruled here; but we cannot tell what we would have decided, for the facts of that case are not here, and and how the circuit court could have foretold our decision and enforced the agreement we cannot see.

If the party or counsel acted badly in not bringing the case here, the court could have punished for contempt; or the other party, if injured, could sue for damages; but the contract could not have been possibly carried out, so far as we can now see.

2. We think, however, that the facts do not look well for the defendants on the merits of the case. Jesse Doles bought the land from Dixon in 1870, and made some payments thereon then, giving notes for the balance. These notes were renewed from time to time, and in 1872 Windham bought the renewed notes before due, and gave value for them. They were then made payable to him, Windham, after Doles had full opportunity to examine the land,

have it surveyed, and find out any deficiency. Then the next year, the notes bought by Windham were paid to him in part, and new notes for two hundred dollars each given to Windham, with the other defendant, Doles, as security, and Dixon still indorser, as when the first were given to Windham.. There was some evidence that Windham had heard of the deficiency of acres of land, (the consideration of the notes, when first given to Dixon, being land, and the deficiency claimed to be over 100 acres) though he bought the notes before they fell due ; but we think that when Doles made a new contract—a novation—with Windham—gave notes to him directly—got time on them—and gave new security on them—that he cannot now be allowed to set up a deficiency in the acreage of the land. The new contract to a different payee, on a different security, put an end to the old contract. It would have discharged any security, or maker of the first contract, who was not on the last, and it certainly ought, in equity and good conscience, to estop the defendant from setting up the old partial failure of consideration of the old contract. And such, we believe, is the spirit of the rulings of this court, and certainly it is the reason and spirit of the law. See 57 *Ga.*, 223.

We therefore reverse the judgment, and grant a new trial, for the reason that the verdict is against the law and facts of the case, as this record makes the facts appear.