## CHARLES A. PETERSON *vs.* GEORGE A. PATRICK.

Suffolk. March 7. — 18, 1879. MORTON & ENDICOTT, JJ., absent.

In an action on a note, to which the defence was payment, it appeared that the note was secured by a mortgage of a chattel. The defendant testified that he had made part payments on the note, and that the plaintiff had taken the chattel and had admitted selling it for a certain sum; and put in evidence of its value. The jury were instructed to find for the defendant, if, by the part payments and the value of the chattel, the note was paid. The jury returned a verdict for the plaintiff for a sum less than the value of the chattel according to the defendant's evidence, and stated in the verdict that they left out of their estimate the value of the chattel. *Held,* that the defendant was entitled to a new trial.

CONTRACT on a promissory note dated February 24, 1872, for $210. Answer, payment. Trial in the Superior Court, before *Putnam,* J., who allowed a bill of exceptions, in substance as follows:

The signature of the note was admitted; and it appeared that it had been secured by a mortgage of a piano and other chattels, containing a power of sale. The defendant, who was the only witness called, testified that he had made several cash payments to the plaintiff on the note, and that the plaintiff had taken from him the piano on the mortgage, but had not reported to the defendant any sale of the same, or in any way accounted for the proceeds or value thereof; and he testified to the cost of the piano when purchased by him, and stated how much the same had been used, and that the plaintiff had admitted making a sale thereof, and had also admitted that he had disposed of the piano in a barter trade for a specific sum named, greater than the verdict rendered; and that the defendant did not know where the piano was, or who had it.

The judge instructed the jury " that, after ascertaining the amount due on the note, they should ascertain the amount of the

cash payments which they might be satisfied upon the evidence had been made, and, if such amount of payments was not sufficient to extinguish the note, they should then ascertain the value of the piano upon the evidence before them, and apply that, if they found that the plaintiff had taken the piano and used it as his own property, to the further extinguishment of the note, and if, by both cash payments and the value of the piano, the note was fully paid, they should find for the defendant; but, if otherwise, they should find for the plaintiff for the balance remaining due thereon."

The jury returned a verdict, which, as ordered by the court to be recorded, was as follows: " In suit Charles A. Peterson *vs.* George A. Patrick to recover value of mortgage note given under date February 24, 1872, for two hundred and ten dollars, they leave out of their estimate the value of the piano, one of the articles held under said mortgage. The jury find for the plaintiff and assess damages in the sum of one hundred seventy-eight and $\frac{36}{100}$ dollars."

The defendant moved to set aside this verdict, as irregular, and contrary to the evidence and to the instructions of the court. The judge overruled the motion, intimating, however, that he would be willing to grant a new trial so far as to determine the value of the piano. The defendant contended that the whole verdict was irregular, and excepted to the order of the judge overruling his motion.

*G. W. Park & G. F. Piper*, for the defendant, cited *Patterson* v. *United States*, 2 Wheat. 221; *Jones* v. *Kennedy*, 11 Pick. 125; *Laflin* v. *Brown*, 7 Met. 576; *Brown* v. *Dean*, 123 Mass. 254.

*D. F. Fitz*, for the plaintiff. The statement added by the jury is consistent with their verdict; it was mere surplusage and no part of the verdict; and shows that they did not believe the defendant.

BY THE COURT. The verdict is ambiguous, because it does not show whether the jury determined that the value of the piano should not be deducted from the amount of the note, or made no decision at all upon that question. The court below erred in ordering a verdict in so irregular and indefinite a form to be recorded.

*Exceptions sustained, and verdict set aside.*