THE LACLEDE POWER COMPANY, Respondent, v. NASH SMITH TEA COMPANY, Appellant.

St. Louis Court of Appeals, June 10, 1902.

1. **Nominal Damages:** JUDICIAL DISCRETION: NEW TRIAL. By contract plaintiff was to supply defendant with a given amount of electrical power for business purposes and defendant was to accept and pay for it during a certain period. Several months before the period expired defendant stopped receiving the supply of power; plaintiff sued for breach of contract and it appeared, without objection, what plaintiff's average profits would be for furnishing said power to defendant for the unexpired term of the contract. The trial court (under evidence stated in the opinion) gave an instruction authorizing a recovery of substantial damages; but the jury returned a verdict for plaintiff for nominal damages, after which plaintiff was granted a new trial on motion: *held,* that said ruling was a proper exercise of the discretionary power of the court to grant a new trial upon the weight of the evidence.

2. **Verdict:** EVIDENCE: WEIGHT OF EVIDENCE. Where the trial court rules that a verdict is "against the evidence," the ruling amounts to a decision that the verdict is against the weight of evidence (following Parker v. Cassingham, 130 Mo. 348).

3. **New Trial:** DISCRETION: PRACTICE, APPELLATE. Where a new trial is granted upon a discretionary ground, the order will not be reversed unless an abuse of discretion is shown.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED.

No brief for appellant.

*C. R. Skinker* for respondent.

(1)   In an action for damages, consisting of future profits to be gained from the performance of a contract which binds the party in default to take a certain product but no definite or stipulated amount thereof, evidence showing the gross amount of the product supplied, the gross receipts therefrom, the average monthly receipts, the average monthly profits as well as gross profits, made under the same contract for a period prior to the breach reasonably sufficient to afford the jury a basis for estimating future profits, together with a computation of the amount of profits based upon the past experience (as shown by the evidence) which the injured party could have made if he had been permitted to perform the contract from the breach to its expiration, is competent and substantial evidence to go to the jury for the purpose of aiding them in the inquiry as to what future profits the plaintiff could reasonably have expected to gain under the same contract, if he had not been prevented by defendant from completing the performance of the contract.   Bagley v. Smith, 10 N. Y. 498; Driggs v. Dwight, 17 Wend. 71; Wakeman v. Wheeler Co., 101 N. Y. 205; Williams v. Milling Co., 37 Pac. 52; Goebel v. Hough, 26 Minn. 256; Allison v. Chandler, 11 Mich. 542; Terre Haute v. Hudnut, 112 Ind. 542.   (2)   The action of the trial court in granting a new trial on the ground that the verdict is against the evidence, is not subject to review on appeal where there is substantial evidence to support the action of the trial court.   Kuenzel v. Stevens,

155 Mo. 280; Haven v. Railroad, 155 Mo. 230-1.   (3) If the contract sued upon does not bear the construction placed upon it by the plaintiff, this court should remand the case to the trial court for further proceedings in accordance with its opinion.   Riley v. Sherwood, 144 Mo. 369; Haseltine v. Smith, 154 Mo. 404.

BARCLAY, J.—The present appeal is from an order sustaining a motion for a new trial.   The plaintiff sues for substantial damages for breach of a contract to furnish electric power.   Upon issues joined, there was a verdict for plaintiff for nominal damages only.   Plaintiff then moved for a new trial, in due course, on the grounds that the trial court erred in:

"1.   Modifying instructions asked by plaintiff.

"2.   Instructing the jury of its own motion.

"3.   Refusing instructions asked by the plaintiff.

"4.   Admitting illegal evidence over the objection of the plaintiff.

"5.   Because the verdict of the jury is contrary to the instructions given by the court, and is manifestly the result of passion, prejudice or mistake on the part of the jury.

"6.   The verdict is against the law.

"7.   The verdict is against the evidence."

Judge DOUGLAS, who tried the cause on the circuit, sustained the motion on the ground that the verdict was "against the evidence and against the instructions of the court."

The defendant thereupon appealed from that order after preserving the usual exceptions.

1.   A ruling that the verdict is "against the evidence" amounts to a decision that the verdict is against the weight of the evidence, according to the view of the first division of the Supreme Court, heretofore expressed on that subject.   Parker v. Cassingham, 130 Mo. 348.

That ground for granting a new trial is discretion-

ary. It is not within the proper province of an appellate court to reverse such a ruling unless there has been an abuse of discretion on the part of the trial judge. Bemis Co. v. Ryan Co., 74 Mo. App. (St. L.) 627. This case does not exhibit any abuse of discretion.

2. The action is prosecuted by the Laclede Power Company for damages upon an alleged breach of a contract of defendant to take a supply of electrical power for business purposes in the city of St. Louis.

The contract was started by a proposal on the part of the defendant to the plaintiff (of date February 1, 1896) in the following terms (omitting the formal introduction and signature):

"Please connect your wires to building No. 918-920 North Sixth street, and furnish 50 electric horsepower.

"And we agree to take power for the term and on the conditions mentioned on the back and made part hereof."

On the back of the paper, containing the foregoing memorandum signed by defendant, are a number of stipulations. It appears unnecessary, however, to mention more of them than the following:

"Rate four cents per horsepower per hour by meter, or if other power company gives lower rates, this company's refusal to meet them voids contract."

"This contract shall be in force from and after date and shall continue for periods of one year until either party shall, at the expiration of any year, give written notice of its desire to discontinue this arrangement."

About February 24, 1896, plaintiff connected its wires with defendant's place of business and furnished electric motive power thereto until February 15, 1899, when defendant refused to receive a further supply of power from plaintiff. Shortly before the last-named date, on January 14, 1899, defendant gave plaintiff

a written notice as follows (omitting caption and signature):

"Take notice that, on and after February 15, 1899, we shall cease to use your electric power in our factory, 918 and 920 North Sixth street, St. Louis, Mo."

The petition states the substance of the transaction above mentioned, which appeared in evidence, and charged that on or about February 15, 1899, "defendant ceased to take said power from plaintiff, and though plaintiff has been at all times on and after February 15, 1899, ready, able and willing to furnish defendant said electrical power, defendant has failed and refused to take said power from plaintiff since February 15, 1899, and has thereby prevented plaintiff from performing said contract on its part until February 1, 1900, and thereafter; by reason whereof the plaintiff says that it has been deprived of the profits it would have made upon said contract up to February 1, 1900, and that thereby it has been damaged in the sum of $1,250, for which, with the costs of this suit, plaintiff prays judgment against defendant."

2. The appellant's leading contention on this appeal is that it appears from the petition that defendant did not use any electrical power between February 15, 1899 and February 1, 1900, and that the recovery could only be for nominal damages for breach of the contract for that reason.

We regard the contention as unsound. There was evidence of a contract by which defendant was to receive and plaintiff to supply electrical power until January 31, 1900.

There was proof before the court, furnished by Mr. Horace W. Beck, cashier of plaintiff tending to show the profits which would accrue to plaintiff by the performance of the contract on its part. That evidence was received without objection. Two passages of it will illustrate its general character, viz.:

"Q.   Now that is carried out upon that book, is it?   A.   Yes, sir.

"Q.   And that appears in the line of months?   A. It does.

"Q.   Now, I will ask you, Mr. Beck, during the period from the twenty-fourth day of February, 1896, to the fifteenth day of February, 1899, what was the aggregate sum total of horsepower hours that the defendant used and took from your company, as the books show?   A.   95,155 horsepower hours.

"Q.   At the rate of four cents, what was the profit that your company made upon furnishing that number of horsepower hours to the defendant?   A. $1,903.10.

"Q.   That was the profit for thirty-five and one-half months—have you computed what that would amount to upon an average for one month, Mr. Beck? A.   I think I have (witness figures), $53.60.

"Q.   That is the profit you made—you would make for one month?   A.   Yes, sir." . . .

"Q.   For the purpose of stating to the jury exactly what the amount of damages is that we allege, will you compute, Mr. Beck, what would be the profits that your company would have made upon this contract from the fifteenth of February, 1899, to the first of February, 1900, upon the figures that you have heretofore detailed in evidence?   A.   I have done so, and it amounts to $616.40.

"Q.   Those are the profits that you would have made if you had been allowed to continue to supply the power to the first of February, 1900?   A.   Yes, sir."

It is not necessary, at this stage of the case, to make any extended comment upon the effect of the evidence in general.   It is sufficient to say that there was evidence tending to show substantial damages to plaintiff on account of the breach of defendant's agree-

ment. If that testimony appeared to the learned trial judge to preponderate, in respect of its credibility, in favor of plaintiff, it was within the limits of his discretion to grant a new trial, after the jury had returned their verdict for nominal damages.

3. Plaintiff requested an instruction which the court modified and gave, after inserting therein the words which we mark by italics in the following copy:

"The court instructs the jury that their verdict shall be for the plaintiff; and the only question for the jury to consider is: what is a fair and adequate compensation to the plaintiff as shown by the evidence, for the damage it has suffered by being deprived of its right to perform said contract from February 15, 1899, to February 1, 1900, and reap the fruits thereof?

"The court instructs the jury that in determining this question they shall find for the plaintiff in such sum as they believe from the evidence plaintiff would have realized as profit upon the contract in evidence from February 15, 1899, to February 1, 1900, if the plaintiff had not been prevented from performing that contract, *if the jury find that plaintiff was so prevented;* and the jury is instructed that they should consider what profits the plaintiff made upon said contract, as shown by the evidence, prior to the breach of said contract, the average of said profits, the nature and extent of the duties of plaintiff and defendant under said contract, in order to aid them in determining what profits plaintiff would have made during said period of February 15, 1899, to February 1, 1900, upon said contract."

The plaintiff excepted to the modification and defendant excepted to the instruction as given.

4. Another instruction was given by the court to the effect that nine of their number might return a verdict. But as no constitutional question is raised on this appeal or was raised in the circuit court, further

attention will not be paid to the proposition contained in that instruction. No point is made upon it here.

5. The court also refused to give certain other instructions asked by defendant; but in the present aspect of the case it is unnecessary to review the rulings on those requests.

As the case now stands, there is really little room for further comment. The case as tried and submitted justified the allowance of substantial damages. The learned trial judge was evidently dissatisfied with the award of nominal damages and exercised his discretion by setting aside the verdict. His action in this particular was not an abuse of discretion.

The order granting a new trial is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.