AMERICAN SUGAR REFINING CO. v. CITY OF NEW ORLEANS.

(Circuit Court of Appeals, Fifth Circuit.   December 9, 1902.)

No. 920.

1. FEDERAL COURTS—FOLLOWING STATE DECISIONS—CONSTRUCTION OF STATE CONSTITUTION.

Where the decision of a cause depends upon the construction placed upon a provision of a state constitution, the federal courts follow the decisions of the highest court of the state thereon, and an appellate court will reverse a judgment below based on such decisions, where, pending the appeal, they have been overruled, when no question of contract rights is involved.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Charles Carroll and J. W. Carroll, for plaintiff in error.

Saml. L. Gilmore, C. H. La Villebeuvre, and H. G. Dupre, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM.   When this case was before the circuit court, the learned trial judge followed State v. American Sugar Refining Co., 51 La. Ann. 562, 25 South. 447, where it was held by the supreme court of the state of Louisiana that the plaintiff in error, the American Sugar Refining Company, was not a manufacturer, within the meaning of article 206 of the constitution of the state of Louisiana (1879), exempting manufacturers under certain circumstances from license taxation.   Since this writ of error has been pending another case between the same parties has been brought before the supreme court of the state, and a decision rendered explicitly reversing the former case, and holding that the American Sugar Refining Company is a manufacturer of sugar, within the meaning of the constitution, and as such exempt from all licenses levied by the city or state.   As the supreme court of the state has changed its ruling on the meaning of the article of the state constitution controlling the issues in the present case, we are bound to follow, even if we do not fully agree as to the correctness of the decision made. As, however, we do fully concur, we hasten to reverse the judgment of the lower court in this case, and remand the cause, with instructions to dismiss the same, at plaintiff's costs.   And it is so ordered.

¶ 1. State laws as rules of decision in federal courts, see notes to Griffin v. Overman Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.
See Courts, vol. 13, Cent. Dig. § 956.