### LOZIER MOTOR CO. v. ZIEGLER.

#### (Supreme Court, Appellate Term. March 5, 1909.)

1. PRINCIPAL AND AGENT (§ 175*)—AUTHORITY OF AGENT—LIABILITY OF PRINCIPAL—RATIFICATION.

   Where recognized dealings between plaintiff and defendant showed the authority of defendant's chauffeur to contract for materials and work on defendant's automobile, which contracts were ratified by defendant, who accepted the benefits, plaintiff was entitled to recover the reasonable value of the materials furnished and the work done.

   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 662, 663; Dec. Dig. § 175.*]

2. NEW TRIAL (§ 74*)—AMOUNT OF RECOVERY.

   Where one, entitled to recover the reasonable value of materials furnished and work done, gave evidence to establish the value of the materials and work at $296, a judgment for only $120 must be set aside, and a new trial must be granted.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 150; Dec. Dig. § 74.*]

   MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Lozier Motor Company against Henry M. Ziegler. From a judgment granting insufficient relief, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Wilber, Norman & Kahn, for appellant.

PER CURIAM. This is an appeal by plaintiff from a judgment in its favor for $120 and costs. Plaintiff claims it should have had judgment for $296.25. The complaint alleges two causes of action, viz.: First, that the plaintiff, a New York corporation, between the 24th day of May, 1907, and the 15th day of November, 1907, performed for the defendant, at his special instance and request, certain work, labor, and services, and furnished materials, of the reasonable and agreed value of $250.25; second, that W. J. Duane & Co., a New York corporation, between the 12th day of September, 1907, and the 8th day of November, 1907, also performed for the defendant, at his special instance and request, certain work, labor, and services, and furnished materials, of the reasonable value of $46, and that on the 19th day of June, 1908, W. J. Duane & Co. assigned its claim to the plaintiff. The answer was a general denial.

The main question in the case was as to the agency of defendant's chauffeur in contracting with plaintiff and the latter's assignor. Wheth-

er or not the acts of the chauffeur, Beebe, were actually within the scope of his authority, the evidence fairly establishes plaintiff's claim that from the course of the recognized dealings between the parties the authority of Beebe could reasonably be inferred and implied by plaintiff and its assignor, who appear to have been bona fide dealers, and that the acts of Beebe were acquiesced in and ratified by defendant, who accepted the benefits of the contract or contracts made by Beebe. There is quite sufficient evidence to show that the materials furnished and work done were of the value claimed by the plaintiff, and it seems to us that the ends of justice require a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MacLEAN, J. (dissenting). Whatever the value of the work or materials put upon his newly bought vehicle, or the amount of purchases by his chauffeur, to bind the defendant therefor it was necessary to prove his orders or his ratification. Passing that, it was, on the one hand, so natural to discredit the statements of the plaintiff's witnesses, the pert and ready chauffeur, for whom the plaintiff had gotten this place and all his places, and who left the defendant the night he objected to the bill, and the generalizations of the secretary, treasurer, and salesman, whom the defendant says he never saw, and, on the other hand, so sound to credit the testimony of the defendant that the only representative of the plaintiff with whom he dealt, and of whom he bought two automobiles within a brief time, having given a guaranty, in effect withdrew the bill presented and bade him not to bother about it, assuring him that the company would take care of it, that the credence of the learned trial justice may be accepted here, and his judgment affirmed.