Peter Coutrakon and Gus Keresotes, trading as Cou-
trakon & Keresotes, Appellants, v. Passow & Sons,
Appellee.

(Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon.
James A. Creighton, Judge, presiding. Heard in this court at the
October term, 1914. Affirmed. Opinion filed December 11, 1914.
Petition for rehearing withdrawn February 3, 1915.

## Statement of the Case.

An action in assumpsit by Peter Coutrakon and Gus
Keresotes, partners, trading as Coutrakon & Kere-
sotes, against Passow & Sons, a corporation, to recover
$400, part payment made by plaintiffs on a soda foun-
tain, which defendant agreed to build for them for
$1,800 according to the terms and specifications of a
written contract, and which was to be delivered to
them on or about May 1, 1913.

The defendant filed a plea of the general issue with
a notice of set-off, claiming a balance of $1,400 due on
the original contract together with $245.80 additional
made up of items of interest, storage and freight, etc.
A verdict of $1,400 was found in favor of defendant,
on which judgment was rendered, and the plaintiffs
appeal.

The order for the fountain was made March 26, 1913,
and by its terms the defendant agreed to manufacture
and ship it on or about May 1st, subject to delay on
account of strikes or other unforeseen accidents, and
to furnish a mechanic to set it up. The freight was
to be paid by the purchasers, and settlement to be made
on arrival of the fountain at Springfield, terms $800
cash, balance of $1,000 payable in sixty days with in-
terest, the title to remain in the defendant until notes
and chattel mortgage were executed by the purchasers.

Time was not made the essence of the contract. The purchasers made an advance payment of $400 when the order was signed. Among other provisions of the specifications was the following "Pump section. There are to be two 10 pump sections, each to have 10 porcelain syrup jars, 7 pumps, liquid style. * * *.'' Coutrakon testified that in a conversation with appellee's agent before the contract was signed it was agreed that the pumps should all be liquid carbonic pumps made by the Liquid Carbonic Company. Appellants claim that they canceled the contract because the fountain was not shipped on or about May 1st, and that they are entitled to recover the advance payment. On April 21st, appellee wrote to appellants that on account of some unforeseen conditions that had arisen it would not be able to ship the fountain on May 1st. On April 28th appellee wrote to appellants that it expected to ship the outfit within the next ten days. On May 17th appellants wrote to appellee that they had rescinded the contract and demanded the return of the $400. Appellants employed Mr. McGrath, an attorney in Springfield, to act for them in the matter. On May 20th the appellee wrote to McGrath that it was ready to ship the fountain, and requested appellants to comply with the contract as to the further sum of $400, the balance of the cash payment. On May 20th appellee wrote to McGrath the fountain would be shipped the next day. McGrath communicated with appellants and by their direction on May 21st sent a telegram to appellee, "send fountain under terms of original contract except the $1,000 to be paid July 26th, and $400 more when fountain is in store.'' The fountain was shipped May 21st, and on May 24th appellants wired appellee that the fountain was in Springfield, and that they would accept it, but wished to change the terms of the old contract as to payment. On May 22nd appellee sent the bill of lading with a note and chattel mort-

gage to a bank in Springfield. On May 24th appellee wrote to McGrath that they had sent the First National Bank the papers and note and mortgage for $1,000, due July 26th, and that they held a carpenter in readiness to set up the outfit. On May 26th appellee received another letter from McGrath stating that the fountain and fixtures would be accepted if as represented. Appellants refused to accept the fountain and fixtures, which remained at the freight depot in Springfield until September when the outfit was returned to appellee in Chicago.

Appellants contend that they cannot be required to accept the outfit and pay for it because (1) it was not shipped on or about May 1st; (2) that appellee failed to furnish a mechanic to set it up; (3) the connections were not properly matched; the workmanship was poor and the mahogany veneering loose; (4) the tanks were not as called for by the specifications and (5) the pumps were not the kind made by the Liquid Carbonic Company.

The delay in shipment was caused by the failure of the marble works that manufactured certain onyx columns on the fountain to have them cored; the evidence is uncertain as to whether that was the fault of the marble works or the appellee.

The plaintiffs inspected the fountain on its arrival, and say that it was not as represented. The contract contains the clause, "all claim for shortage or noncompliance with contract must be made within five days of delivery of goods." It did not appear that the appellants gave notice within five days of what they insist was a noncompliance with the contract, other than the question of time.

The evidence as to the other defenses urged to the set-off, is conflicting, there being no manifest preponderance either way.

A motion for a new trial on the ground of newly-discovered evidence was denied, the evidence being

cumulative as to the kind of pumps furnished in the fountain.

W. ST. J. WINES, for appellants.

ALONZO HOFF, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 125*—*when failure to deliver on time waived.* A purchaser of a soda fountain under a contract requiring delivery on or about a certain date, subject to strikes or other unforeseen accidents, *held* to have waived prompt delivery by directing, after a failure to ship on that day, to make shipment on a later date.

2. SALES, § 147*—*when right to reject within specified time waived.* The purchaser of a soda fountain cannot say that it was not as represented by the seller, where no objection on that ground was made within five days after its delivery, as required by the contract of sale.

3. SALES, § 141*—*when finding that. goods comply with contract conclusive.* Where the evidence is conflicting as to whether the tanks and pumps of a soda fountain comply with the specifications of a contract of sale, the finding of a jury that they do, which was approved by the trial court, is conclusive on appeal.

4. NEW TRIAL, § 68*—*when newly-discovered cumulative evidence not ground for.* A new trial will not be granted for newly-discovered evidence which is cumulative merely, and which would not necessarily have changed the verdict.

5. APPEAL AND ERROR, § 1258*—*when defeated party may allege compromise verdict.* A defeated party cannot complain on appeal that a verdict was obtained by compromise, merely because it is for less than the amount claimed by the successful party.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.