## 9728.  KENNEDY v. McCOOK.

BROYLES, P. J.  1. There is in the record no evidence authorizing the defendant to have, as against the plaintiff's claim sued on, a set-off for the rents on the lands in question for the years 1916 and 1917.  The jury, by their verdict, having found that the defendant was entitled to have the rents for those years set off against the plaintiff's claim, the court erred in overruling the general grounds of the plaintiff's motion for a new trial.

2. Under the foregoing ruling, it is unnecessary to consider the special grounds of the motion for a new trial.

    *Judgment reversed.  Bloodworth and Stephens, JJ., concur.*

DECIDED FEBRUARY 12, 1919.  REHEARING DENIED FEBRUARY 28, 1919.

Complaint; from Pike superior court—Judge Searcy.  March 16, 1918.

*E. F. Dupree, E. C. Armistead,* for plaintiff.

*Redding & Lester,* for defendant.

ON MOTION FOR REHEARING.

BROYLES, P. J.  The fact that the lease-contract for certain lands was transferred by Mrs. McCook to Kennedy as collateral security for the notes sued on, and that he agreed to collect the rents every year, does not show that it was his duty under the law, or that he obligated himself, to keep the lands rented.  The undisputed evidence was that when the lease-contract was transferred there was a tenant upon the lands; that he continued there during the years 1914 and 1915, and that Kennedy collected the rents for those years and accounted for them to Mrs. McCook; that the tenant left the lands at the end of the year 1915, and that they were not rented to any one for the two following years.  There was no evidence which authorized a finding that Kennedy was responsible for the tenant leaving, or that it was his duty to secure another tenant and keep the lands rented.  In our view of the case his obligation was merely to *collect* the rents from any tenant that might be upon the lands and to account for such rents.

    *Rehearing denied.  Bloodworth and Stephens, JJ., concur.*