## STETSON v. STINDT et al.

(Circuit Court of Appeals, Third Circuit. February 25, 1922.)

### No. 2742.

1. **New trial ⊜66—Verdict contrary to instructions cannot stand.**

   An instruction stating the amount of defendant's liability, if liable at all, is an instruction on the law and a verdict for a smaller sum, unsupported by any evidence, is contrary to the law of the case, and should have been set aside.

2. **Appeal and error ⊜978(1)—Ruling on motion for new trial is reviewable, where it involves a question of law.**

   While it is the rule of the federal courts that a motion for new trial is addressed to the discretion of the trial court, and its ruling thereon is not reviewable, where a verdict is directly contrary to the instructions of the court and without evidence to support it, a motion to set it aside and for a new trial is in effect an exception to the verdict, which does not call for an exercise of discretion, but for a ruling on a question of law, which is reviewable.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action at law by Charles Stindt and another against G. Henry Stetson. Judgment for plaintiffs, and defendant brings error. Reversed.

For opinion below, see 272 Fed. 770.

Harry P. Felger, Graham C. Woodward, and Maurice Bower Saul, all of Philadelphia, Pa., for plaintiff in error.

Robert W. Archbald, Jr., and Scott, Van Dusen, Archbald & Johnson, all of Philadelphia, Pa., for defendants in error.

Before WOOLLEY and DAVIS, Circuit Judges, and ORR, District Judge.

WOOLLEY, Circuit Judge. This is an action on a promissory note brought by the payees, citizens of the State of Nevada, against one of five makers, a citizen of the State of Pennsylvania. The statement of claim tersely recites the note, admits sundry payments on account of principal and makes demand for the balance with interest. At the trial the plaintiffs (defendants in error) proved the note and rested. The defendant (plaintiff in error), by averments of his pleading and later by evidence to support them, raised three questions: Whether the transaction out of which the note arose was within the Statute of Frauds; whether the consideration for the note was illusory; and whether it was illegal.

After judgment on verdict for the plaintiffs, the defendant sued out this writ of error, raising here the same questions tried below and three additional ones. Two of these questions are—whether the trial court erred in admitting certain evidence of extraneous transactions between the defendant and outside parties; and whether it erred in striking off a counterclaim set up by the defendant.

As there will have to be another trial of this case at which, doubtless, the same questions will arise and again call for rulings by the court,

we have given careful consideration to all assignments of error, and, finding no error in the proceeding down to the rendering of the verdict, we resolve adversely to the plaintiff in error all questions thereby raised. As the reasons which moved the trial court to its several decisions have moved this court to affirm them, and as they are of interest to no one except the litigants, no useful purpose would be served by an extended discussion of them.

[1] There remains, however, one assignment of error directed to a matter arising after verdict which calls for discussion. It is that "the learned court erred in entering judgment on the verdict." Seemingly, the assignment is based on a refusal by the court, in the exercise of its discretion, to grant the defendant's motion for a new trial, the ground of the motion being that "the verdict was against the charge of the court." Laying aside for the moment the question whether the matter of this assignment is before us on this writ of error, we come to the assignment itself.

The subject matter of the assignment is nowhere better stated than by the learned trial judge when denying the defendant's motion for a new trial. He said:

"The jury were instructed that if they found in favor of the plaintiffs, their verdict should be for the balance claimed upon the note, amounting with interest to $56,990.70. Otherwise the verdict should be for the defendant. The jury, in apparent disregard of the instruction of the court, upon some basis of reasoning which is not apparent, rendered a verdict in favor of the plaintiffs in the amount of $27,439.42. The plaintiffs assigned this as one of the reasons for the granting of a new trial but withdrew the motion and were satisfied to accept the amount of the verdict. (The defendant also assigned it as a reason for a new trial.) The fact that the defendant is by the verdict required to pay less than the jury should have found against him is not a valid reason for a new trial upon his part."

At the trial, there was no dispute about the amount due on the note. The controversy concerned only the maker's liability. There was neither raised nor submitted to the jury an issue of the amount due. Accordingly, the court instructed the jury, as the law of the case, that their verdict should be for the whole of the plaintiffs' claim or for nothing. The jury, in actual disregard of the instruction, and without any evidence in the case to support their action, split the claim and rendered a verdict for about one-half. Therefore, the question before us is—Did the trial court err in entering judgment on this verdict?

The law on the subject is not entirely settled. There are three lines of conduct which courts in this situation follow according as they regard their duty. One is, in an effort to sustain verdicts, courts will be slow to yield to the inference of compromise by juries and will indulge all presumptions in favor of the validity of verdicts. Benedict v. Beef & Provision Co., 115 Mich. 527, 73 N. W. 802; National Bank v. Peters, 120 Mich. 518, 79 N. W. 891. Another meets the question frontally and is to the effect that, when instructed that the verdict shall be for all or nothing and the jury renders a verdict for something less than all, the verdict will be sustained on the theory that the losing party, not being injured, cannot be heard to complain that the verdict is too small. Roberts v. Rigden, 81 Ga. 440, 7 S. E. 742; Fischer v. Holmes, 123 Ind. 525, 24 N. E. 377; Coutrakon v. Passow, 193 Ill.

App. 447; Coyle v. Gorman, 1 Phila. 326; Blackburn v. Young, 16 Pa. Dist. R. 191. The third is based on the broad propositions of law that a verdict which is contrary to the law of the case or which is not sustained by evidence in the case must be set aside. On this general law some courts have squarely met the question and have held that an instruction on the measure of damages is an instruction on the law, that a verdict by the jury in disregard of such instruction calls for a new trial, and that, under these circumstances, refusal by the trial court to grant a new trial constitutes reversible error. Wilson v. Whittaker, 5 Phila. (Pa.) 358; Hunt v. Bruner, 6 Phila. (Pa.) 204; Peterson v. Patrick, 126 Mass. 395; Holcombe v. Reynolds, 200 Ala. 190, 75 South. 938; Johnson v. Richardson, 9 Ga. App. 466, 71 S. E. 757; Powers v. Gouraud, 19 Misc. Rep. 268, 44 N. Y. Supp. 249; Martin v. Pool (Tex. Civ. App.) 40 S. W. 820; Simpson v. Buck, 5 Lans. (N. Y.) 337; Bauder v. Lasher, 5 Lans. (N. Y.) 335; Hoffman v. Bosch, 18 Nev. 360, 4 Pac. 703; Laclede v. Nash, 95 Mo. App. 412, 69 S. W. 27; Lozier v. Ziegler (Sup.) 115 N. Y. Supp. 134; Lish v. Martin, 55 Mont. 582, 179 Pac. 826; Insurance Co. v. Hasenmayer, 90 Or. 608, 178 Pac. 180; Bigelow v. Garwitz, 61 Hun, 624, 15 N. Y. Supp. 940; Kennedy v. McCook, 23 Ga. App. 422, 98 S. E. 390; Thomas v. Hatch, Fed. Cas. No. 13,899 (Cir. Ct. Me.).

We are persuaded by the ratio decidendi of the last line of authorities that a verdict like the one under consideration, which is perverse and directly violative of the charge of the court and is wholly without evidence to support it, cannot stand. It is not sufficient to say that the defendant cannot complain because he was not injured. He was injured by being deprived of the right of a litigant to have the jury determine his liability under the law as laid down by the court. That liability might be for more than the jury found; yet it might be for nothing. What his liability is, the jury refused to say; but said something else, which, under the law and on the facts, was simply untrue. Therefore, we are of opinion that the verdict was invalid and that the court erred in entering judgment upon it. Whether this error is reversible depends on the next question.

[2] The defendants in error make the point that a question of error in entering judgment on the verdict, even if invalid, is not before this court because that question was decided with finality by the trial court on the motion for a new trial, resting on the principle, too well established to require authority, that the granting or refusing of a new trial is a matter of discretion by the trial court, with the exercise of which an appellate court will not interfere.

This rule, invariable in its operation, is by its terms applicable where the discretion of the trial court is invoked with reference to a matter open to its exercise. It was conceded in this case that the verdict was opposed to the court's instruction on the law. Also, there was no question whether the verdict was right or wrong. Admittedly, it was wrong. It did not require the exercise of discretion to arrive at this conclusion. Everyone agreed to it. Therefore, the duty of the court not to enter judgment upon a verdict unlawful because rendered in opposition to its instruction was one of law. United States v. Routt

County Coal Co., 248 Fed. 483, 485, 160 C. C. A. 495. In the performance of that duty the learned trial judge was not called upon to determine a question with respect to which no strict rule of law is applicable, but he was called upon to enforce a fixed rule. His duty was quite imperative. Nor did the learned trial judge, in entering judgment on the verdict in this case, do so within a discretion which he brought into exercise. What he did was to interpret the law and thereupon to perform the duty of applying the law as he had interpreted it. As we have been constrained to find error in his interpretation of the law, it follows necessarily that error was involved in its application.

When the verdict was rendered, the defendant, in order to prevent the entry of judgment thereon, promptly moved for a new trial. This was a motion on his part to set aside the verdict because rendered contrary to the court's instruction. The motion related not to any action by the court during the trial, either on the facts or on the law, with reference to the outcome of which the trial judge was, on the motion for a new trial, called upon to exercise discretion. It related to something which happened after the issues of fact had been submitted and decided. This was the rendition of an unlawful verdict; that is, a verdict not unlawful on the issues submitted—with reference to which the discretion of the trial judge would be applicable—but unlawful because rendered on a matter which had not been submitted at all. The motion which the defendant made was, in effect, an exception to the verdict for a defect on its face. As this exception called for judicial decision, not for judicial discretion, the defendant did not lose his exception by the refusal of the court to allow it. Having been seasonably made, it was preserved to him by this writ of error, through which he brings here for review not a matter of discretion but a matter solely of law. Peterson v. Patrick, 126 Mass. 395.

The judgment below is reversed and a new trial awarded.