## PETERSON v. JOHN HANCOCK MUT. LIFE INS. CO. OF BOSTON, MASS.
### No. 11713.

Circuit Court of Appeals, Eighth Circuit.
Nov. 26, 1940.

Howard L. Bump, of Des Moines, Iowa (R. J. Swanson, of Red Oak, Iowa, and D. L. Ross, William E. Mitchell, and Karl F. Geiser, all of Council Bluffs, Iowa, on the brief), for appellant.

Folsom Everest, of Council Bluffs, Iowa, for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This appeal presents the question whether the district court erred under the circumstances in denying to the appellant, a farmer-debtor, the benefits of the Frazier-Lemke Act, section 75, sub. s of the Bankruptcy Act, 11 U.S.C.A. § 203 sub. s.

The appellant owns and with her husband resides on a farm of 120 acres situated in Montgomery county, Iowa, on which the appellee holds a mortgage. On February 27, 1939, appellant filed her petition under section 75, subs. a to r. The court approved the petition and referred the matter to the Conciliation Commissioner. Prior to the commencement of the bankruptcy proceedings the appellee had instituted foreclosure of its mortgage in the state court. Thereafter the appellee filed its claim in the bankruptcy proceeding.

Having failed to secure a composition with her creditors, the appellant on May 12, 1939, amended her petition, stating that she desired to obtain the benefits of section 75 sub. s of the Bankruptcy Act, praying that she be adjudged a bankrupt, that her property be appraised, that her exemptions be set aside to her, and that she be allowed to retain possession of the remainder of her property for a period of three years as provided in the Act. The amended petition was referred to the Conciliation Commissioner. On May 16, 1939, appellee was adjudged a bankrupt, and on May 18, 1939, an order was entered by the Commissioner acting as referee setting aside her exemptions and providing that a hearing be had on June 5, 1939, "at which time and place the credi-tors may appear and show cause why said exemptions or any part thereof should not have been set off, and further why an order should not be entered staying all proceedings and continuing the debtor in possession of the remainder of his [her] property, determine a reasonable rental for said property, or, if necessary, appoint a trustee." Notice in accordance with the order was given May 22, 1939. Appraisers were appointed, and they filed a report appraising all of the debtor's property.

On June 5, 1939, upon application of the appellee the referee entered an order extending the time for filing objections to granting a three-year stay order and to the order setting off exemptions.

On June 14, 1939, the appellee filed objections to the granting of a stay order on the grounds (a) that the application therefor was not made in good faith, (b) that the offer of composition had not been made in good faith by the debtor, and (c) that an emergency no longer exists in the state of Iowa. Appellee prayed that the stay order be denied, that the estate be liquidated, or in the alternative that the land covered by appellee's mortgage be rejected as a burdensome asset in the bankrupt estate.

Without further notice, without a hearing, and in the absence of the debtor or her attorney, the Commissioner acting as referee, on June 21, 1939, entered an order denying a stay order and decreeing that the 120 acres of land covered by appellee's mortgage is a burdensome asset and rejecting the same as such and that "creditors holding mortgages on said lands are hereby given leave to proceed as if no debtor's proceedings had been had hereunder." This order was based upon a finding that "there is no equity in said lands over and above the mortgage indebtedness and that the possibility of financial rehabilitation of said debtor * * * is far too remote to justify the granting of such order * * * that the offer of composition * * * was not made in good faith for the reason that the possibility of performance * * * is practically impossible."

On October 18, 1939, appellant filed an application before the referee reciting the proceedings referred to supra, and alleging that the order of June 21, 1939, denying a stay of the foreclosure proceedings and releasing the land from bankruptcy

was entered without a hearing, without the knowledge of appellant, and without taking proof; and that the order is beyond the jurisdiction of the referee and is void and without effect. She prayed that a hearing be had, that the rental value of the land be fixed, and that the order of June 21, 1939, be vacated and an order entered staying further proceedings in the state court for a period of three years and granting to her the rights to which she is entitled under the Act.

After due notice and hearing upon this application the referee entered an order on November 4, 1939, denying the relief sought.

On November 14, 1939, the appellant petitioned the district court for a review of the orders of June 21, 1939, and November 4, 1939. In her petition she alleged that the referee had exceeded his authority in denying a stay of the foreclosure proceedings instituted by appellee in the state court. The prayer of the petition was that the court set aside the orders of the referee; that the court grant a stay of the foreclosure proceedings; and that the court direct the referee to proceed in accordance with the provisions of the statute. Pursuant to this petition the district court on November 17, 1939, entered its order allowing the review and directing the referee to certify to the court the entire record of the proceedings had before him.

On December 2, 1939, following a hearing, the district court signed an order which was filed on December 4, 1939, directing that "the orders appealed from, dated June 21, 1939, and November 4, 1939, should be and the same are hereby approved."

On December 5, 1939, the appellant filed a motion for a rehearing, asking the court to reconsider its order of December 2, 1939. In her motion she called the attention of the court to the decision of the Supreme Court in the case of John Hancock Mutual Life Insurance Company v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176, decided December 4, 1939. At the conclusion of a hearing on January 15, 1940, the court entered an order denying the motion for a rehearing.

The decision of the Supreme Court in the Bartels case clearly demonstrated that the orders of the referee were erroneous. In approving those orders in its order of December 2, 1939, the district court apparently relied upon the decisions of this court in Cowherd v. Phoenix Joint Stock Land Bank, 8 Cir., 99 F.2d 225, and Bender v. Federal Farm Mortgage Corporation, 8 Cir., 99 F.2d 252, holding that whenever it appears that no reasonable hope for the financial rehabilitation of the debtor exists and that the liquidation of his property is inevitable the court should dismiss his petition. In the Bartels case [308 U.S. 180, 60 S.Ct. 223, 84 L.Ed. 176], the Supreme Court held: "The subsections of Section 75 which regulate the procedure in relation to the effort of a farmer-debtor to obtain a composition or extension contain no provision for a dismissal because of the absence of a reasonable probability of the financial rehabilitation of the debtor. Nor is there anything in these subsections which warrants the imputation of lack of good faith to a farmer-debtor because of that plight." The court declared that the purpose of § 75 was to afford relief to such debtors who found themselves in economic distress however severe; and it pointed out that the procedure under the statute is intended to protect all interests. This decision of the Supreme Court in effect reversed the decisions of this court in the Cowherd and Bender cases, supra, and placed a contrary construction on the Act.

Section 75, sub. s(1) of the Act provides that: "After the value of the debtor's property shall have been fixed by the appraisal herein provided, the referee shall issue an order * * * that the possession, under the supervision and control of the court, of any part or parcel or all of the remainder [after setting aside the unencumbered exemptions] of the debtor's property shall remain in the debtor, as herein provided for, subject to all existing mortgages," etc. And subsection (2) provides that "When the conditions set forth in this section have been complied with, the court shall stay all judicial or official proceedings in any court * * * for a period of three years." The statute then sets forth the conditions upon which the debtor may retain possession and makes provision for the protection of the rights of the creditors.

█ In the Bartels case the Supreme Court held that the provisions of the Act define the procedure to be followed. In the instant case the referee refused to follow that procedure, rejected the mortgaged land as burdensome, and gave the appellee leave to proceed with its foreclosure proceedings. The district court approved the

orders of the referee and refused to stay foreclosure of the appellee's mortgage. Subsequent to the decision in the Bartels case, the court entered an order declining to reconsider its order of December 2, 1932. Thus by the orders complained of the debtor has been deprived of the rights granted by the statute. Such rights can only be had by a reversal of these orders.

 It is argued by counsel for appellee that the order overruling the motion for a rehearing entered on January 15, 1940, is not appealable because it is a discretionary order. In this view counsel are mistaken. The motion for rehearing called for judicial decision, not for judicial discretion. Stetson v. Stindt, 3 Cir., 279 F. 209, 212, 23 A.L.R. 302. Discretion, which must be a legal discretion, does not extend to a refusal to apply well-settled principles of law to a conceded or indisputable state of facts. Winchester Repeating Arms Co. v. Olmstead, 7 Cir., 203 F. 493, 494. In deciding the motion for a rehearing the district court had jurisdiction to correct its previous orders. The statute, as construed by the Supreme Court in the Bartels case, is explicit and mandatory, and the district court had no discretion to act contrary to its terms. Carpenter v. Wabash Railway Co., 309 U. S. 23, 29, 60 S.Ct. 416, 84 L.Ed. 558. The orders entered prior to December 4, 1939, were consistent with the law as it had been announced at that time in the Cowherd and Bender cases, supra, but decisions are mere evidences of the law, not the law itself; and an overruling decision is not a change of law but a mere correction of an erroneous interpretation. Legg's Estate v. Commissioner, 4 Cir., 114 F.2d 760, 764. The change in interpretation brought about by the decision in the Bartels case is binding upon both the district court and this court. The district court having failed to recognize such change of interpretation it is our duty on appeal in the administration of justice to reverse its erroneous orders. Carpenter v. Wabash Ry. Co., supra; Watts, Watts & Co. v. Unione Austriaca, etc., 248 U.S. 9, 21, 39 S.Ct. 1, 63 L.Ed. 100, 3 A.L.R. 323; Gulf, Colorado & S. F. Ry. Co. v. Dennis, 224 U.S. 503, 507, 32 S.Ct. 542, 56 L.Ed. 860; Compare the decisions of this court in Sulzbacher v. Continental Casualty Co., 8 Cir., 88 F.2d 122, 125; Paine v. St. Paul Union Stockyards Co., 8 Cir., 35 F.2d 624; United Press Ass'ns v. National Newspapers Ass'n, 8 Cir., 254 F. 284; Glenwood Irr. Co. v. Vallery, 8 Cir., 248 F. 483; and Kargman v. Grocery Center, Inc., 7 Cir., 83 F.2d 617; American Sugar Refining Co. v. City of New Orleans, 5 Cir., 119 F. 691; 4 C.J. 833, 5 C.J. S., Appeal and Error, § 1620.

This case is unlike the case of Stensrud v. Federal Land Bank of St. Paul, 8 Cir., 114 F.2d 1002, decided October 15, 1940, in which the debtor for certain advantages to himself stipulated for a dismissal and thereafter intervening rights of a stranger to the proceeding vested before the debtor petitioned the court to vacate the order of dismissal.

The orders appealed from are reversed and the case remanded with instructions to proceed in accordance with the provisions of the statute.