Mazari Cecil **THURMON**, Bankrupt-Appellant,

v.

Curtis L. **MANN**, Trustee-Appellee.

No. 20270.

United States Court of Appeals,
Eighth Circuit.

Sept. 1, 1971.

William P. Russell, Joseph S. McDuffie, St. Louis, Mo., for appellant.

Sheldon D. Grand, Clayton, Mo., for appellee.

Before JOHNSEN, VOGEL and ROSS, Circuit Judges.

JOHNSEN, Senior Circuit Judge.

Appellant is a bankrupt wage-earner. She had accrued vacation pay of $763.40 at the time of her bankruptcy, which could not under the terms of her employment be drawn by her except for vacation leave or upon employment termination. The Referee held the funds to be "property" under § 70(a) (5) of the Bankruptcy Act, 11 U.S.C. § 110(a) (5), of which the Trustee was entitled to possession. He gave judgment against the bankrupt for their amount, as a means of enabling the Trustee to obtain possession through garnishment of her employer. The employer paid the funds into court, where they still remain.

The appeal is from the denial of a motion filed by appellant for reconsideration of the Referee's decision and the approval made by the District Judge of the Referee's refusal to reconsider.

The Supreme Court held in Lines v. Frederick, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970) that such accrued vacation pay is not "property" within the Bankruptcy Act, which passes to or can

be claimed by the Trustee. That decision, however, was not rendered until after the Referee's denial of reconsideration and the District Judge's upholding thereof, and after the filing of the notice of appeal herein from those orders.

■ The Trustee argues in support of the reconsideration denial that, although the Referee's holding as to the funds was wrong under the *Lines* decision, the motion for reconsideration was at the time a matter addressed to his discretion and that his denial thereof, with its upholding by the District Judge, is under *Metal Fabricators, Inc. v. Granite City Steel Co.*, 357 F.2d 175 (8 Cir.) and the cases cited therein, not reviewable by us. But as we held in *Peterson v. John Hancock Mut. Life Ins. Co.*, 116 F.2d 148, 151 (8 Cir. 1940), the discretion which a Referee or a District Judge has not to engage in reconsideration of a bankruptcy order does not extend to a refusal to reconsider and correct an order which is contrary to a controlling Supreme Court decision.

In *Peterson*, similarly as in the present situation, the Supreme Court decision involved had not been rendered at the time of the Referee's determination upon the rights in controversy. Nor had it been rendered at the time of the District Judge's affirmance, on petition for review, of the Referee's determination. The Supreme Court decision came down a few days after the District Judge's affirmance. A motion for rehearing was thereupon filed to the District Judge's affirmance, seeking a reconsideration of it. The motion was denied and we reversed, holding that the District Judge had no discretion in the circumstances to refuse to engage in such a reconsideration.

■ So here, except for the pendency of the appeal which she had taken, appellant would have had the right, after the *Lines* decision, to have filed a motion for reconsideration in the bankruptcy proceeding, and the Referee would have had no discretion to refuse to entertain it

and to accord effect to the Supreme Court holding. The filing of such a second motion would not in the circumstances have constituted an abuse of process by appellant, as representing a mere and unwarranted attempt at repetition. Nor could the length of time which had elapsed between the Referee's determination and the Supreme Court holding (here approximately a year) prevent the Referee from engaging in such a reconsideration or entitle him to refuse to do so.

■ The funds are not property belonging to the bankruptcy estate; the creditors have no right to payment of their claims from them; and they still remain intact in the court's hands. The principles applicable to the power which the Referee was entitled, and would be legally required in the circumstances, to exercise as to such a request for reconsideration are well and succinctly stated in 9 Am.Jur.2d Bankruptcy § 37, p. 76, from which we quote:

"A proceeding in bankruptcy from the time of its commencement by the filing of the petition in bankruptcy until the final settlement of the estate of the bankrupt is one suit, of which the several motions made and acts done in the bankruptcy court in the progress of the cause are parts. The proceeding is open for the re-examination of an order made therein, at any time prior to the termination of the case, upon application made in appropriate form, sufficient grounds being presented for such relief, even after time for appeal has expired unless rights which have become vested in reliance upon the order will be disturbed by its vacation. Since a bankruptcy court is always open and does not have terms of court, the general rule that a court may not vacate at a subsequent term an order made at a prior term has no application to a proceeding in bankruptcy. Time limitations prescribed by the Federal Rules of Civil Procedure upon vacation or modification of judgments are inapplicable".

The pendency of the appeal has left the situation as it stands before us one where the denial of the original motion for reconsideration now represents, in view of the *Lines* decision, an undeniable legal error and injustice. The judicial channel, with such legal error and injustice existing in it, has been kept open by the appeal, just as it would have been open to a second motion for reconsideration, if no appeal had been filed. In these circumstances, we remand the case to the District Court, with direction to vacate the orders of the Referee and the District Judge on the motion for reconsideration and to take appropriate action thereon consistent with this opinion.

Remanded with directions.