### SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

### E.P. SEGGOS & CO., INC., et al., Defendants.

### No. 71 Civ. 5412 (JMC).

United States District Court,
S. D. New York.

April 15, 1976.

---

**15.** *Id.*

Spengler, Carlson, Gubax & Churchill, New York City, by Charles E. Matthews, Jr., White Plains, N. Y., for defendant Clark Gurney, Trustee.

Theodore Focht, Gen. Counsel, by Wilfred Caron, Washington, D. C., Charles R. McConachie, for Securities Investor Protection Corp.

Arnold J. Ross, New York City, for Fred Kayden.

## MEMORANDUM AND ORDER

CANNELLA, District Judge.

Motion of Clark Gurney, Trustee for the liquidation of E.P. Seggos & Co., Inc. ("Seggos") for reconsideration and disallowance of the claim of Fred Kayden, is granted.

In this proceeding for the liquidation of Seggos pursuant to the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), the Trustee asks the Court to reconsider an order of August 18, 1972 by the terms of which the Trustee, in accord with his application to the Court, was "authorized to approve and discharge" claims listed on an attached schedule, which included Kayden's claim. Kayden's claim arises out of two transactions. On October 1, 1971 he purchased 5,000 shares of C.J.A. Industries, Inc. from Seggos for $20,000.

On November 9, 1971 Kayden sold those 5,000 shares back to Seggos. The shares, then being held by the Marine Midland Bank, were to be delivered to Seggos against payment by certified check on November 16, 1971. However, payment was never tendered and the transaction remained open with the shares still in the bank's possession when the SIPC liquidation proceeding commenced. The claim filed by Kayden seeks completion of the November 16, 1971 transaction.

## DISCUSSION

Kayden contends that insofar as the Trustee waited almost three years before seeking reconsideration of the claim, as a matter of equity this Court should decline such a reconsideration.

■■ Reconsideration of claims is governed by Rule 307 of the Rules of Bankruptcy Procedure. The Rule provides that

A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. If the motion is granted, the court may after hearing on notice make such further order as may be appropriate.

As the Advisory Committee's Note makes clear, a motion to reconsider is addressed to the discretion of the court. The case law under 11 U.S.C. § 57k (which was superseded by Rule 307) indicates that the court is to apply the equitable doctrines of laches and estoppel in deciding whether to reconsider a claim. *See* 3 *Collier on Bankruptcy* ¶ 57.23[4] at 402 (14th ed. 1975). In the instant matter, the Trustee's motion to reconsider is the result of an initial misapprehension of the applicable law which caused the Trustee to seek the approval of Kayden's claim. The Trustee's affidavit indicates that SIPC brought the mistake of law to his attention some time prior to March of 1973, and that he thereupon notified Mr. Kayden. Exhibits 1–5 to the Affidavit of Charles R. McConachie of SIPC reveal that from March 1973 through October 1973, SIPC and Mr. Kayden's attorney engaged in negotiations regarding Mr. Kayden's claim. The record is barren, however, as to what if anything the Trustee or SIPC did between October of 1973 and June 30, 1975, when the Trustee moved for reconsideration.

■ The Court, however, finds that Kayden cannot successfully raise a claim of laches. While it is true that his claim was approved almost three years prior to the making of the instant motion and that a year-and-a-half elapsed between his last communication with SIPC and the making of the instant motion, this delay is not entirely unexcused and Mr. Kayden has not alleged that he has been prejudiced in any manner by the delay. Thus, this is not a case where equity is aiding "a party whose unexcused delay would, if his suit were allowed, prejudice his adversary." *I.T.T. Corp. v. G.T. & E. Corp.,* 518 F.2d 913, 926 (9th Cir. 1975). In that the Trustee's delay is far from unconscionable and Kayden has not been prejudiced thereby, this Court will not apply the doctrine of laches. To do so would permit Kayden to reap a windfall under SIPA as a result of a mistake of law. *Cf. Thurman v. Mann,* 446 F.2d 1355 (8th Cir. 1971).

As a final argument, Kayden urges that SIPC has no discretion to refuse to pay a claim allowed by the Trustee. That question is not before the Court in the instant motion. Here, it is the Trustee and not SIPC, that has moved for reconsideration, and the authority of SIPC is wholly beside the point.

## WAS KAYDEN A CUSTOMER?

■■ In order to qualify as a claimant entitled to payment under SIPA, Kayden must establish that he was a "customer" of the bankrupt broker-dealer. As defined in 15 U.S.C. § 78fff(c)(2)(A)(ii),

"customers" of a debtor means persons (including persons with whom the debtor deals as principal or agent) who have claims on account of securities received, acquired, or held by the debtor from or for the account of such person . . . . . .

As Judge Pollack detailed in *SEC v. Bove & Co.,* 378 F.Supp. 697, 699–700 (S.D.N.Y.

1974), for a claimant to be considered a "customer" he "must have *entrusted* his securities to the debtor in liquidation." Thus, "the absence of actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation has been held to be dispositive against a claim to participation in the coverage under the Act extended by SIPC." *See also, SEC v. Kelly, Andrews & Bradley, Inc.,* 385 F.Supp. 948, 951 (S.D.N.Y. 1974) (Weinfeld, J.). Kayden never "entrusted" the securities to Seggos; in fact, he specifically declined to do so and conditioned delivery of the stock upon the presentation by Seggos of a certified check. Having failed to tender the check Seggos never acquired possession of the stock either actually or constructively. As a result, Kayden cannot be considered a "customer" and his claim must be disallowed.*

Submit order on notice within two weeks.

SO ORDERED.

---

* Although not raised by Kayden, the Court notes that Kayden's claim cannot be considered an "open contractual commitment" as defined in 6(d) of the Act (15 U.S.C. § 78fff(d)), in that "[s]ection 6(d) was clearly intended to apply only to open contractual commitments that exist between a broker or dealer debtor and another broker or dealer." *SEC v. Bove & Co.,* 378 F.Supp. at 701.