**In re E.S.M. GOVERNMENT SECURITIES, INC., Debtor.**

Civ. No. 85–6254.

United States District Court, S.D. Florida, N.D.

Jan. 23, 1986.

See also, D.C., 52 B.R. 372.

Thomas R. Lehman, Friedman & Lehman, Miami, Fla., for trustee.

Allan E. Mayefsky, Rosenberg & Tulis, New York City, for Resource Management.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE came before the court upon the Trustee's Objection to the Allowance of Claim of Resource Management as a Customer Claim. The court has considered the Objection and opposition of Resource Management ("Resource") as well as argument of able counsel. For the reasons set forth below, the Trustee's Objection will be SUSTAINED. Resource's customer claim and secured claim shall be DENIED.

The relevant facts are not in dispute, are contained in the parties' Joint Stipulations, and need not be repeated herein. The par-

**790**

ties further stipulated that for reverse repurchase customers, E.S.M. would collect principal and interest on the GNMA securities and would forward the same to customers when the securities were not registered in the name of the reverse repurchase customer; and the GNMA securities at issue were sold by Resource for $420,000 less than the stated repurchase price. The Trustee objected to any proof of claim to that short fall as not filed timely.

The Trustee argues that Resource's transactions with E.S.M. do not fall within the customer status classification as E.S.M. neither received, acquired or held GNMAs nor received a deposit of cash or other property from Resource for the purpose of purchasing securities. Further, the Trustee maintains the Resource's interest in E.S.M.'s right to principal and interest payments constitutes unperfected security interests and are voidable.

This court agrees.

Title 11 U.S.C., section 741(2)(A) defines customer to include

(A) entity with whom a person deals as principal or agent and that has a claim against such person on account of a security received, acquired, or held by such person in the ordinary course of such person's business as a stockbroker, from or for the securities account or accounts of such entity—

(i) for safekeeping;

(ii) with a view to sale;

(iii) to cover a consummated sale;

(iv) pursuant to a purchase;

(v) as collateral under a security agreement; or

(vi) for the purpose of effecting registration of transfer; and

■ The court specifically finds that a creditor of a bankrupt estate may be included in the "customer status" category when, and only when, there has been an entrustment of securities to the debtor. This entrustment is the act triggering enhanced protections afforded by Title 11

U.S.C., section 741. See, *S.E.C. v. E.P. Seggos & Co.*, 416 F.Supp. 280 (S.D.N.Y. 1976); *S.E.C. v. Bove & Co.*, 378 F.Supp. 697 (S.D.N.Y.1974); *In the Matter of SSIW Corp.*, 7 B.R. 735 (Bankr.S.D.N.Y.1980). Resource admits it received GNMA securities from E.S.M. and clearly did not entrust their possession to E.S.M. Resource, however, contends that since E.S.M. retained the accrued principal and interest payments, its claim falls within Section 741(2)(A)(v) which confers customer status upon those who have entrusted securities "as collateral under a security agreement." E.S.M.'s retention of principal and interest was not tantamount to the entrustment of a security; it is the actual entrustment of a security, however, that triggers customer status.

As Resource is unable to meet the requirements of Section 741(2)(A), this court need not address the requirements of Section 741(2)(B).

■ Further, the court finds that Resource's claim to the accrued principal and interest is not elevated to the status of a secured creditor. Resource did not protect its security interest to receive principal and interest payments when it failed to file an appropriate U.C.C. financing statement. As the Trustee correctly maintains, the right to receive payments of money falls within the definition of general intangibles. " 'General intangibles' means any personal property (including things in action) other than goods, accounts, chattel paper, documents, instruments, and money." U.C.C. § 9–106.[1] Perfection of a security interest in a general intangible, under New York law, requires the filing of a financing statement. See, *In re Metric Metals International, Inc.*, 20 B.R. 633 (S.D.N.Y.1981).

Resource failed to file a financing statement. Its claim, therefore, is an unperfected security interest in the principal and interest that accrued prior to E.S.M.'s default. Thus, its claim is voidable by the Trustee. See, *In re Great Plains Western*

1. The parties stipulated that New York law applies. The cited U.C.C. section is identical to the applicable section of New York's Uniform Commercial Code.

—

*Ranch Company, Inc.*, 38 B.R. 899 (Bankr. C.D.Cal.1984); *In re Southern*, 32 B.R. 761 (Bankr.D.Kan.1983).

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Trustee's Objection to the Allowance of Claim of Resource Management as a Customer Claim be and the same is SUSTAINED. It is further ORDERED AND ADJUDGED that Resource Management's claim as a secured creditor be and the same is DENIED. The claim is an unsecured security interest and therefore is voidable by the Trustee.