## RHODES *vs.* BEALL *et al.*

[Jackson, C. J., did not preside, on account of providential cause.]

1. Where one is in possession of a promissory note, which by its terms is to become due after the date thereof, the presumption is that such person is a *bona fide* holder of the note without notice of any infirmity therein.

2. At common law no illegality between the original parties will affect an innocent indorsee of a negotiable promissory note, except under the statutes of gaming and usury, unless he had notice of the illegality or took the bill after it became due from one who had.

3. In order to render a negotiable security void, by reason of its consideration being illegal, in the hands of an innocent holder for value, without notice, and before due, the statute which makes such contract illegal and void must also make the same a crime, or the act itself must be immoral and *contra bonos mores*.

(a.) Therefore, although section 5731 of the Revised Statutes of the United States declares that all contracts, covenants or securities based on the consideration of permitting a bankrupt to be discharged, are void, yet where a negotiable note was given by a bankrupt debtor to his creditor for the amount of the debt, in consideration that the creditor would withdraw his objections to the discharge of the debtor, such note would not be void in the hands of a *bona fide* purchaser before due and without notice.

October 2, 1884.

Promissory Notes. Negotiable Instruments. Presumptions. Consideration. Gaming. Usury. Contracts. Bankruptcy. Contracts. Debtor and Creditor. Before Judge Fort. Stewart Superior Court. April Term, 1884.

Reported in the decision.

HIGHTOWER & BUSH; PEABODY & BRANNON: HARRISON & PEEPLES, for plaintiff in error.

E. H. BEALL; J. L. WIMBERLY; W. A. LITTLE, for defendants.

BLANDFORD, Justice.

This was an action brought by the plaintiff in error against the defendants in error upon a promissory note,

dated November 1st, 1880, and due July 4th, 1881, payable to one Singer.*

To this action the defendants pleaded:

"That the note was given in consideration that Singer would then and there withdraw his objections then filed to the final discharge in bankruptcy of said Samuel Beall, and give his written consent to said final discharge; that on the day of Samuel Beall having been adjudicated a bankrupt, and the bankrupt proceedings then and there pending, and the said Singer being then and there in a court of bankruptcy, and having proved his claim against the said Samuel Beall, it was then and there agreed between the said Beall and said Singer that, in consideration that the said Singer would withdraw his objections and forbear his objections to the final discharge of said Beall in bankruptcy, he would then and there pay said debt so proved by said Singer, in installments in cotton, the same to be paid annually, and that he would thereafter make and deliver to said Singer his several notes, with his wife as security; that in consideration of said illegal and immoral agreement, said note sued on, with three others, was at the time and date thereof made and delivered to Singer. And defendants say that the consideration of said note was and is void, illegal and immoral."

This plea was demurred to upon the ground that the same did not aver that the plaintiff was not a *bona fide* purchaser, or that he had received the note after due, or with notice of the consideration. The court overruled the demurrer, and this forms the ground of exception and assignment of error to this court.

Unless this note sued on is void to such an extent, by reason that it is illegal and immoral, as to render it void in the hands of any one to whom it may come before due, without notice of its consideration, then the plea is bad, and the demurrer thereto should have been sustained.

The presumption of law, where one is in possession of a promissory note, which by its terms is to become due after the date thereof, is that such person is a *bona fide* holder of such note without notice of any infirmity therein. Code, §2787; 49 *Ga.*, 490; 60 *Id.*, 90; 55 *Id.*, 141. So

* The note was payable to Singer or bearer, and the suit on it was brought by Rhodes.

the main question is, is this note void in the hands of a *bona fide* holder without notice and before due?

The Revised Statutes, United States (1873, 1874), section 5731, page 997, declares all contracts, covenants or securities based on the consideration mentioned in the plea to be void, and this is doubtless so as between the original parties to such a contract as contemplated by the bankrupt laws. It is stated by the highest authorities known to the common law that no illegalities between the original parties will affect an innocent indorsee, except under the statutes of gaming and usury, unless he had notice of the illegality or took the bill after it became due, from one who had. 2d Starkie on Ev., 282; Doug., 632; 1 Esp. Cas., 389, 45; 2 *Id.*, 538; 11 East., 43; 12 John., 306; 1 Bay, 113. Chief Justice Kenyon says an innocent indorsee on a promissory note or bill of exchange can recover in all cases, except those founded on gaming or usurious consideration, and in no other case can an innocent indorsee be deprived of his remedy, and that a contrary doctrine would shake paper credit to its foundation. 4 Petersdorff's Abr., 240. Thus is the doctrine of the common law laid down by these eminent authorities. We are quite certain that, in order to render a negotiable security void by reason of its consideration being illegal in the hands of an innocent holder for value without notice and before due, the statute which makes such contract illegal and void must also make the same a crime, or the act itself must be immoral and *contra bonos mores*. The contract must be so tainted and poisoned by the act of the parties as to be against good morals, and then public policy requires that every person shall be affected with notice, however innocent he may be, and with whatever good faith he may have received the paper. Is the consideration of the note sued immoral, or is it *contra bonos mores?* We think not. The defendants were justly indebted to Singer, and we cannot believe that the giving of this note in settlement of such a debt is immoral; it certainly is forbidden to be done by

the bankrupt law, and subjects the parties to certain penalties, but it is not made a crime even by that act.    There is no reason, nor do we know of any principle, which will take this case out of the rule adopted by the convention of judges in the case of *Poe vs. The Justices of the Peace*, as reported in Dudley's Georgia Reports, 249, wherein the principles of the common law cited from the authorities are adopted. We think, therefore, that the judgment overruling the demurrer to this plea of defendants was error, and must be reversed.

Judgment reversed.