## HARRIS *v.* BANK OF LITTLE ROCK.

Declarations of the payee of a promissory note, whether made before or after its maturity, were, on the trial of an action thereon by one to whom the note had been indorsed, presumptively before it became due, inadmissible to show that the plaintiff had not in fact become the bona fide holder, for value, of the note before its maturity; it not appearing that such declarations were made to the plaintiff, or that the latter had any knowledge thereof before acquiring title to the note.

Submitted March 27, — Decided April 25, 1899.

Complaint. Before Judge Sheffield. Terrell superior court. May term, 1898.

The Bank of Little Rock sued Harris upon his promissory note payable to the Dudley E. Jones Company and indorsed by that company to the plaintiff. The defendant pleaded that the plaintiff was not a bona fide holder of the note before maturity, and that the consideration of the note had failed. At the trial the plaintiff introduced in evidence the note sued on, and closed. The defendant offered to testify, that a short while before the maturity of the note, he received by due course of

mail a letter from the Dudley E. Jones Company, the payees, stating that they would send the note for collection to the Dawson National Bank, and that they hoped he would meet it promptly when due. The letter has been lost or destroyed. Shortly thereafter he got notice from the Dawson National Bank that it held the note for collection for the Dudley E. Jones Company, and that the bank expected him to meet it when it matured. This notice is lost. He did not pay it when it fell due, and told the bank why, and that they would have to return it, as he would not pay it. Another witness, introduced by defendant, proposed to testify that, soon after the maturity of the note sued on, he received by due course of mail a letter (now destroyed) from the Dudley E. Jones Company, asking if he could represent them in the collection of the note, and saying that, if so, they would send it to him. He had been retained by the defendant, and therefore let them know he could not represent them in the collection of the note. All the foregoing testimony was rejected as incompetent and in the nature of hearsay evidence. Counsel for the defendant insisted that it should be allowed to go to the jury as circumstances tending to establish the truth of the plea that the plaintiff was not a bona fide holder of the note before due, and thereby allow defendant to introduce testimony to show that the consideration of the note had failed. It was then proposed to prove by defendant that the consideration of the note sued on had failed, and for him to testify to the reason why he did not pay the note at maturity. This also was rejected, and the court directed a verdict for the plaintiff.

*J. A. Laing* and *J. G. Parks*, for plaintiff in error.

LITTLE, J.   Under the pleadings in the case, the burden was upon the defendant below to satisfactorily show to the jury that the plaintiff was not a bona fide holder of the note for value before maturity,   The note sued on was payable to the order of Dudley E. Jones Company, was therefore negotiable, and, as appears in the record, was properly indorsed and held by the plaintiff.   The note bore date November 8, 1895, and became due by its terms on September 15, 1896.   The plaintiff was in

possession of this note at the time the action was instituted. The presumption, therefore, is that it was a bona fide holder of the note without notice of any infirmity therein. *Rhodes* v. *Beall,* 73 *Ga.* 641. This presumption would authorize a recovery, until it was overcome by competent and legal testimony. To prove his plea, that the plaintiff was not a bona fide holder, the defendant sought to introduce in evidence the contents of a letter written by the payee to himself a short while before the maturity of the note, in which it used language from which it might well be inferred that the payee was the owner at the time the letter was written. He also offered to show that he had a notice from a bank that it held the note for collection for the payee. The defendant also offered to introduce a witness who would testify that after the maturity of the note he received a letter from the payee asking if the witness could represent the payee in the collection of the note. This evidence was rejected by the court as illegal. There can be no question that any member of the Dudley E. Jones Company, or any officer of the bank, would have been a competent witness before the jury to testify to any fact in relation to who held this note at the time of its maturity, and whether it was in fact transferred for value before due. The contention was between the Bank of Little Rock and the defendant, and any admission or declaration on the part of the plaintiff, as to who held the note, would have been admissible; but the evidence offered amounted to nothing more than the declaration of the Jones Company, and not the plaintiff, that the former held the note at maturity. This was not competent evidence, and of itself could not have been received to rebut the presumption raised by the law. If it had been desired that the testimony of any officer or stockholder of the Jones Company should have gone to the jury, the witness should have been produced, either personally or by interrogatories. The Jones Company not being a party at interest, neither the declarations nor admissions of such officer or stockholder could be received against the interest of the plaintiff. The evidence sought to be introduced being inadmissible, it was rightfully excluded by the court; and there being no evidence in the case except the promissory note,

there was no error in the order of the court directing a verdict for the plaintiff.

*Judgment affirmed. All the Justices concurring.*