3005.  JOHNSON COUNTY SAVINGS BANK *v.* RICHARD-
SON & SON.

1. The evidence in behalf of the defendants was insufficient to rebut the presumption that the plaintiff purchased the acceptance for value before maturity.  Parol evidence is admissible· to prove the contents of a letter which has been lost or destroyed, if the letter has first been shown to have been written by a duly authorized agent of one of the

parties to the cause pending. But agency can not be established by mere declarations of the purported agent; and statements in a letter, in which the writer claims that he is an attorney representing another, in the absence of proof to that effect, are objectionable as hearsay, and are without any probative value.

2. The verdict rendered, being wholly without evidence to support it, was contrary to law, and the court erred in refusing a new trial.

DECIDED JUNE 29, 1911.

Complaint; from city court of Lumpkin—Judge Hickey. September 26, 1910.

*G. Y. Harrell,* for plaintiff. *J. B. Hudson,* for defendants.

RUSSELL, J. The defendants entered into a contract with the United Jewelers' Manufacturing Company for the purchase of an assortment of jewelry. It is unnecessary to consider the terms of the contract or its subsequent modification by the insertion of new terms which were ingrafted upon it; for the record really presents but one question, to wit, whether the plaintiff was a bona fide purchaser, for value and before maturity, of the acceptance which is the foundation of the present suit and which was admitted to have been executed by the defendants. If the plaintiff purchased the paper for value, before its maturity, and without any notice of the defendants' counter-claim, the defendants would be precluded from setting up the defense which they attempted to present. As an innocent purchaser, the plaintiff would be protected, and entitled to recover upon the acceptance, no matter what might be the defendants' rights in a contest with the jewelry company. On the other hand, if the plaintiff really purchased the paper, or even took the formal written transfer after its maturity, the plaintiff would be charged with notice, and subject to any equities which the defendants might be entitled to present as a defense to the action. The holder of a negotiable instrument is presumed to have purchased it for value, before its maturity, and without any notice of defects. Therefore, when the holder seeks to enforce the instrument, the burden rests upon the maker to prove affirmatively that the acceptance or other obligation was purchased after its maturity. The defendants attempted to do this, and the controlling question in this case is whether the acceptance was assigned to the plaintiff before its maturity. If it was not, the plaintiff would be entitled to recover, so far as that branch of the case is concerned. If it was, the defendants would be permitted to set up and establish any matter of affirmative defense

which they would have been permitted to assert against the original payee. The defendants sought to show primarily that the plaintiff bought the note after its maturity. The acceptance purported to have been executed on April 18, 1908, and to have been indorsed and transferred in writing by the jewelry company to the plaintiff on May 13, 1908. It was payable six months after date, and consequently it was apparently assigned several months before its maturity.

The trial court permitted one of the defendants to testify, over objection, that he had received a letter from one Otto, an attorney, stating that he represented the jewelry company and requesting the payment of the defendants' acceptance; also that he received another letter from Otto after the maturity of the paper, soliciting payment for the jewelry company as holder. The witness also testified that thereafter he received another letter from Otto, in which he stated that he no longer represented the jewelry company for the collection of the paper in question, but represented the Johnson County Savings Bank for the purpose of collecting it. We think the court erred in admitting this testimony. There was no proof whatever that Otto was the agent of the jewelry company, other than his own statement to that effect, and agency can not be shown by the mere declaration of one who claims to be an agent. If the jewelry company itself, after the maturity of the obligation, had demanded payment and asserted that it still owned the paper in question, and it had been shown that the jewelry company had possession of the note at the time of the declaration, any statements made by it would, of course, have been admissible. Parol evidence of similar statements made by any person shown to be the agent of the jewelry company would likewise have been admissible, because it was shown that the letters were also destroyed. The proof upon the latter point was clear and distinct, and therefore the controlling question in the case is whether there was enough evidence of Otto's agency to charge the defendants with knowledge. We think not, and that the judge erred in admitting the statements upon that point. If the defendants could have shown that Otto was in fact the agent, as he said he was, then his statement that he no longer represented the jewelry company, but had taken up the matter for the Johnson County Savings Bank, would have been most material. As it was, there being no evidence

of agency, other than Otto's own declaration to that effect, and the statements contained in the letter being merely hearsay, without any probative value whatever, the defendants, for lack of evidence, failed to rebut the presumption that the Johnson County Savings Bank was a bona fide purchaser of the negotiable instrument.

The remaining assignments of error are immaterial. A new trial should have been granted, solely because the evidence objected to was hearsay.  *Judgment reversed.*