# EDWARDS & DEUTSCH LITHOGRAPHING COMPANY *v.* VIDALIA GROCERY COMPANY.

The presumption that the holder of a note is such bona fide and for value is not overcome because the note, which is payable to the order of the maker, a corporation, and indorsed by it, was not also indorsed by the person from whom it was obtained by the holder; nor because the plaintiff and the person from whom he obtained it and the defendant resided in different States; nor because the note was taken without the collateral recited in the face of the note as having been assigned as a pledge to secure its payment.

JANUARY 12, 1916.

Complaint. Before Judge Rawlings. Toombs superior court. October 12, 1914.

*B. P. Jackson* and *D. C. Pattillo,* for plaintiff.

*W. J. DeLoach* and *Hines & Jordan,* for defendant.

EVANS, P. J. The Edwards & Deutsch Lithographing Company brought an action against the Vidalia Grocery Company, to recover an amount alleged to be due upon a note, which was expressed in the following terms: "$1,000.00. Montgomery, Alabama, June 21st, 1912. On the 21st day of June, 1913, for value received, we promise to pay to the order of ourselves the sum of one thousand and no/100 dollars, with 8 per cent. interest per

annum thereon, and all costs of collection; negotiable and payable at Montgomery Bank and Trust Co., Montgomery, Alabama. As collateral security for the payment of this note the undersigned hereby transfers, assigns, conveys, deposits, and pledges one registered debenture, Number Three, of the Lewis Bear Drug Co. Inc., for $1,000.00, with full power and authority to sell, assign, and deliver the whole or any part thereof, or any substitute therefor, or any addition thereto, either at public or private sale, at the option of the owner or holder of said note or debt, his, their, or its assigns, on the non-performance of this promise at any time or times thereafter, without advertising or notice, which is hereby expressly waived, and upon such sale the owner or holder thereof may purchase the whole or any part of said securities discharged from any right of redemption or liability of conversion. The undersigned indorsers of this note waive demand, protest, and notice of non-payment and protest, and hereby waives all claims of exemption to real or personal property, salary or wages, under the constitution and statute laws of Alabama, or any other State, as against the debt evidenced hereby, and agrees and contracts with the payee hereof that liability of the debt as shown hereby is not limited or affected by any outside agreement or otherwise in any way; and if unpaid at maturity, agree to pay 10 per cent. of the principal and interest as attorney's fees." The note was signed, "Vidalia Grocery Co., J. E. French, President," and was indorsed, "Vidalia Grocery Co., J. E. French, Pres." The defendant pleaded failure of consideration, and that it had been induced to sign the note by the false and fraudulent representations of the president of the Lewis Bear Drug Company, and that the plaintiff was not a bona fide holder of the note. A verdict was rendered for the defendant. A motion for new trial was overruled, and the plaintiff excepted.

The controlling question is, whether the evidence is sufficient to so affect the bona fides of the holder of the note as to let in the defenses urged against it. The statute provides that "The holder of a note is presumed to be such bona fide and for value; if either fact is negatived by proof, the defendants are let in to all their defenses; such presumption is negatived by proof of any fraud in the procurement of the note." Civil Code (1910), § 4288. Fraud in its procurement, as used in this section, means the fraud of the

holder in procuring the paper, and has no reference to the fraud in the contract out of which the paper arose. *Walters* v. *Palmer*, 110 *Ga.* 776 (36 S. E. 79). The plaintiff was not shown to have had actual notice of the circumstances attending the making of the contract in execution of which the note was given, but the defendant says that the circumstances were sufficient to impute notice, under the code section, which declares that "Any circumstances which would place a prudent man upon his guard in purchasing negotiable paper shall be sufficient to constitute notice to a purchaser of such paper before it is due." Civil Code (1910), § 4291. The defendant contends that the following circumstances are sufficient to overcome the presumption that the plaintiff is a bona fide holder of the note: the plaintiff's taking of the note without the indorsement of the Lewis Bear Drug Company; the widely separated localities of the parties to the transaction, the plaintiff being a corporation doing business in Chicago, the defendant a Georgia corporation, and the Lewis Bear Drug Company being an Alabama corporation doing business in Montgomery, Alabama; and, notwithstanding the stipulation in the note that a certain registered debenture bond of the Lewis Bear Drug Company was assigned as collateral security, the plaintiff's acceptance of the note without the collateral. Referring to the first contention, the effect of the indorsement of the note by the payee, which was also the maker, was to make it as if it had originally been payable to bearer, and no indorsement by a subsequent holder was necessary for the protection of the holder. *Hendrix* v. *Bauhard*, 138 *Ga.* 473, 476 (75 S. E. 588). We do not think any inference of mala fides is deducible from the fact that a note payable to bearer is not indorsed by an intermediate holder before its delivery to a purchaser. Nor do we think that the commercial business of this country is to be regarded so far provincial as to raise a presumption of mala fides because the parties to the transaction may live in different States. If unfavorable deductions can be made on this account, no transaction will be safe against an inference of impurity unless the parties thereto live in the same locality. The last contention (that the note recited that it was secured by a collateral bond, which the plaintiff failed to demand or take at the time of the purchase, as being sufficient information to put it upon inquiry as to the circumstances under which it procured the note) is likewise untenable. The ob-

ject and intent of the parties in inserting the recital that the note was secured by collateral was not to limit or impair the value of the note, but to add to it. It was not to notify third persons that the collateral would destroy or affect the negotiable character of the note. The principal object was to show that, in addition to the responsibility of the maker, the note was also secured by collateral. This language is neither sufficient to inform third persons nor to put them upon inquiry as to the circumstances under which the note was given. *Pyron* v. *Ruohs,* 120 *Ga.* 1060 (6), 1065 (48 S. E. 434) ; Howry *v.* Eppinger, 34 Mich. 29; Zollman *v.* Jackson Trust Co., 238 Ill. 290 (87 N. E. 297, 32 L. R. A. (N. S.) 858).

The failure of the defendant to show such circumstances as would authorize the submission to the jury of the bona fides of the plaintiff in purchasing the note renders it unnecessary to discuss the various assignments relating to the admissibility of evidence offered to support the plea to the merits.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*