## 9231. REED *v.* (WEST LOAN & TRUST COMPANY.

1. Presumptively, the transferee of a note given for a sum payable on a named day but providing that it might be paid in stated monthly installments beginning on that day, some of which extended beyond the time of the transfer and none of which appeared to be in arrears at that time, acquired it without notice of failure of consideration. Consequently it was not error to exclude testimony by which the maker sought to establish that defense as against the transferee.

2. "A corporation is not to be charged with notice of facts of which its president acquires knowledge while dealing in his private capacity and in his own behalf with third persons; nor is knowledge on his part thus acquired imputable to the corporation when, acting through another official, it deals with him at arm's length as with any other individual representing himself alone." The alleged knowledge of the president of the transferee corporation therefore could not be imputed to the corporation itself in this case.

3. The trial judge did not err in excluding the evidence relative to a failure of consideration, and in thereafter directing a verdict for the plaintiff as a bona fide purchaser for value and without notice.

DECIDED MAY 17, 1918.

Complaint; from city court of Floyd county—Judge Nunnally. September 4, 1917.

*W. B. Mebane,* for plaintiff in error.

*G. W. Sharp, Nathan Harris,* contra.

WADE, C. J. A. S. West, as payee, transferred, without recourse, to the West Loan & Trust Company, a corporation, the following note, on which the transferee later sued to judgment:

"Rome, Ga., Oct. 8, 1908.

"Oct. 30 after date we jointly and severally promise to pay to A. S. West or order $825.00 ——— Eight Hundred Twenty-Five 00/100 Dollars at The Citizens Bank of Rome, Georgia, for value received, with interest at eight per cent. per annum after date. If this note after its maturity is placed in the hands of an attorney at law for collection, we agree to pay ten per cent. on the principal and interest as attorney's fees and all other expense of collection, waiving all rights of exemption or homestead given under the laws of Georgia and the United States. It is agreed that this note may be paid at the rate of $8.50 per month beginning Oct. 30th, failure to make any payment when due thereby operating to make due and collectable the whole unpaid balance.

(Signed) Jerry Reed."

To the plaintiff's petition the defendant filed a demurrer calling for the exact date of the transfer of the note, and by amendment it was alleged that the transfer was made on February 14, 1912. The record discloses that West, the transferer, was president of the transferee corporation at the time of the transfer. The defendant set up failure of consideration, and, in order to sustain that defense, contended that the transferee bought the note after it became due, and also that the transferee, through its president, the transferer, knew of the failure of consideration, and consequently the transferee was not a bona fide purchaser for value without notice. The only evidence introduced to show the failure of consideration was the testimony of the defendant himself, which upon timely objection was ruled out, and thereupon the court directed a verdict for the plaintiff. The defendant brought the case to this court, without a motion for a new trial, and in his bill of exceptions assigns error upon the direction of the verdict and upon the exclusion of the evidence of the defendant as to failure of consideration.

It is obvious from this brief review of the facts that the case necessarily hinges upon the question whether or not the transferee was a bona fide purchaser, for value and without notice. Where a note is transferred before maturity, the presumption is, if the contrary is not shown by competent evidence, that the transferee is a bona fide holder for value and without notice. No evidence was introduced to overcome this presumption. The position taken by the defendant, that the transferee did not purchase the note until approximately two years after it became due, since the petition as amended, as well as the evidence of the transferer, shows that the note was due October 30, 1908, and that the transfer was not made until February 14, 1912, is without merit. It is true the note is dated October 8, 1908, and contains the provision that "October 30, after date, we jointly and severally promise to pay to A. S. West," etc. However, a consideration of the note in its entirety discloses that in the body thereof "it is agreed that this note may be paid at the rate of $8.50 per month beginning October 30th, failure to make any payment when due thereby operating to make due and collectable the whole unpaid balance." Manifestly it was not the intention of the parties that the note should mature on the 30th of October, 1908, but that beginning on that date it

should be paid in monthly installments of $8.50 until paid in full, the failure to pay any of the installments operating to make the note, at the option of the payee, due and the entire unpaid balance collectible at law. As stated above, there was no evidence whatever to show that the defendant was in arrears in the payment of any of the installments before the transfer of the note, and the transferee was therefore a bona fide purchaser before maturity for value and without notice. The transferee having taken before maturity, the court properly excluded the evidence of the maker of the note which attempted to set up the defense of failure of consideration.

The further contention of the defendant, that the transferee was bound by the knowledge of the transferer, since he was president of the corporation at the time the transfer was made, is likewise without merit. The well-recognized principle of law, upon which this contention is apparently based, that a corporation is presumed to be charged with notice of all material facts which its president, or any other agent authorized to act in its behalf, may have acquired in regard to the particular business at hand, is not applicable to the case under review, since the uncontradicted positive evidence of the transferer is that one Meyerhardt and one Rowell were present representing the corporation in the transaction when the transfer was made. The interest of the transferer was adverse to that of the transferee, and the parties were dealing at arm's length. The rule appears to be universal that where the interest of the officer selling is adverse to that of the purchasing corporation, notice to the officer is not notice to the corporation. In *Peoples Bank* v. *Exchange Bank,* 116 *Ga.* 820 (3) (43 S. E. 269, 94 Am. St. R. 144), it was held: "A corporation is not to be charged with notice of facts of which its president acquires knowledge while dealing in his private capacity and in his own behalf with third persons; nor is knowledge on his part thus acquired imputable to the corporation when, acting through another official, it deals with him at arm's length as with any other individual representing himself alone." See also *Pursley* v. *Stahley,* 122 *Ga.* 362 (50 S. E. 139); *Georgia Milk Producers' Association* v. *Crane,* 137 *Ga.* 50 (72 S. E. 414). The Court of Appeals, in following the Supreme Court rulings on this subject, states the principle thus: "It is well settled, of course, that ordinarily a corporation

is presumed to have notice of any material fact disclosed to any agent authorized to act in its behalf in the peculiar circumstances or with reference to the particular business or undertaking at hand. It is equally well settled, as an exception to this rule, that where a director or other officer of a corporation is dealing in his own behalf or in conjunction with others in making a contract with the corporation, he becomes an adverse party, and notice to him is not notice to the corporation." *Wallis* v. *Heard*, 16 *Ga. App.* 802, 803 (86 S. E. 391). The case at bar comes squarely within the exception to the general rule referred to in the quotation immediately above; and the cases of *Brobston* v. *Penniman*, 97 *Ga.* 527 (25 S. E. 350), *Morris* v. *Georgia Loan Co.*, 109 *Ga.* 12 (34 S. E. 378, 46 L. R. A. 506), *Fouché* v. *Merchants National Bank*, 110 *Ga.* 827 (36 S. E. 256), and *Singleton* v. *Bank of Monticello*, 113 *Ga.* 528 (38 S. E. 947), are not in conflict with anything here ruled, since the decision in each of those cases is based upon the general rule that a corporation which seeks to enforce for its benefit a contract made in its behalf by one of its officers is in law chargeable with notice of whatever he knew at the time the contract was entered into. So, also, in some of those cases the party having an adverse interest represented himself as seller and also represented the corporation as its *sole* purchasing agent, a thing which the law does not permit, whereas in the case under consideration there was no evidence whatever to the effect that the transferer was both the seller and the buyer. None of those cases, therefore, have any bearing upon the case in hand.

The trial court therefore did not err in excluding the evidence relative to a failure of consideration, and in thereafter directing a verdict in favor of the plaintiff, who was a bona fide purchaser for value and without notice.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*