## BURGESS v. CALHOUN NATIONAL BANK et al.

ATKINSON, J. 1. In answer to an action upon a promissory note, allegations were made that the note was given to cover a balance due upon the purchase-price of certain land remaining after certain payments had been made, and that in executing the note it was defendant's intention to include only the amount actually due, but by some mistake or miscalculation the note was taken for a stated greater sum than was due, and that by oversight the defendant did not discover the mistake at the time of the execution of the note. *Held,* that all prior negotiations were merged into the note, and no such allegations of fraud, accident, or mistake are made as will constitute a defense to the note.

2. In a suit of the character mentioned in the preceding note, allegations were made in the answer, that the note was given for a part of the purchase-price of " lot of land No. 114 in the 14th district and 3rd section of said County of Gordon, excepting 60 acres in the northeast cor-

13

ner thereof," which was conveyed in a described duly recorded deed executed by the payee prior to the giving of the note, and "not until after the execution of the note . . did this defendant discover" that a definitely described "four acres of the land . . had already been sold off by a predecessor in title" to a named person "who is now the owner and in possession of" such four acres; that the purchase-price of the land was $57.25 per acre; and that on account of the shortage of four acres defendant is entitled to a credit on the note of $229 as against the payee. *Held,* that as against a general demurrer the foregoing allegations were sufficient to state a cause of action against the payee of the note, on the basis of a shortage of land sold by the acre, which as against the payee should go in reduction of the debt owed to him.

3. It was alleged in paragraph five of the petition, which was admitted in the answer, that the note was transferred in writing by the payee to the plaintiff before the date of its maturity, and that plaintiff is now a bona fide holder for value. No point was made in the answer or elsewhere that the note was not transferred in writing by the payee to the plaintiff; but the answer alleged that the plaintiff held the note only as collateral security for a debt of the payee to the plaintiff, which was less than the amount of the note, and insisted that, as to any surplus of the collateral after paying the secured debt, the matters set up as indicated in the preceding notes would state a good defense. *Held,* that under such circumstances equities of the maker as against the payee could be set up in the case, to go in reduction or defeat entirely, as the facts might justify, any recovery by the plaintiff in excess of the secured debt due him; and accordingly the matters set up in the answer, as indicated in the second paragraph, supra, could, under the circumstances above specified, be set up in this suit, to go in reduction of any recovery upon the note over and above such amount as shall be found due the plaintiff by the payee on the debt for which the note sued on was alleged to have been transferred as collateral. See *Linderman* v. *Atkins,* 143 *Ga.* 366 (85 S. E. 101).

(*a*) Under the circumstances of the case the payee of the note sued on, though not made a party in the original petition, was a proper party; and the court, having made him a party on defendant's motion, should not subsequently have vacated the order making him a party.

(*b*) As some part of the answer set up proper matter of defense as pointed out above, it was erroneous on general demurrer to strike the answer in its entirety.

4. The error in striking the answer rendered all subsequent proceedings nugatory.            *Judgment reversed. All the Justices concur.*

*Lang & Lang,* for plaintiff in error.    *A. L. Henson,* contra.