### 13952. WHITTLE *v.* CITIZENS BANK OF ASHBURN.

The evidence that after maturity of the note sued on, and before suit, the note was in the hands of a person not shown to have any connection with the plaintiff and who demanded payment of it, raised an issue of fact as to whether the plaintiff was the bona fide holder of the note, for value and before maturity; and therefore the court erred in directing a verdict for the plaintiff.

           DECIDED DECEMBER 13, 1922.

Complaint; from Upson superior court — Judge Searcy. September 2, 1922.

*J. R. Davis,* for plaintiff in error. *J. H. Pate,* contra.

BROYLES, C. J. This was a suit upon a promissory note executed and given by W. A. Whittle to Mrs. Ella E. Harp for the balance of the purchase-price of certain land. The note was due October 15, 1920, and at the time this suit was brought, October 17, 1921,

the note had been properly indorsed and was in the possession of the plaintiff, the Citizens Bank of Ashburn. The defendant filed an answer denying liability, on the ground that the consideration of the note sued upon had failed, and alleging that the plaintiff was not an innocent purchaser of the note before maturity. Upon the trial of the case the plaintiff introduced in evidence the note sued upon and closed. James R. Davis, attorney for the defendant, testified that Harry Harp, the payee's son, came to his office with the note, after it was due, and before the plaintiff's suit was filed, held the note in his hand, and said that it belonged to him and demanded payment of the defendant. This evidence was uncontradicted. The court, upon motion, directed a verdict in favor of the plaintiff.

It is true that a promissory note payable to a named person and properly indorsed by him is a negot_able instrument, and the holder is presumed to be such bona fide and for value. Civil Code (1910), § 4288. And it is also true that "this presumption in favor of the holder of such an instrument is not overcome by proof made of the declarations of the payee thereof, whether made before or after its maturity, where, on the trial of an action brought by the holder, such declarations are admitted, even without objection, for the purpose of showing that the plaintiff had not in fact become the bona fide holder, for value, of the note before its maturity; it not further appearing that such declarations were made to the plaintiff, or that the latter had any knowledge thereof before acquiring title to the note. *Harris* v. *Bank of Little Rock,* 107 *Ga.* 407 (1), 409 (33 S. E. 404). Such testimony, even though admitted without objection, is merely hearsay, and without probative value." *Rabun* v. *Commercial National Bank of Macon,* 21 *Ga. App.* 43 (93 S. E. 524). However, in the instant case it cannot be said that the uncontradicted testimony of the defendant's witness, that after the note was due and before the plaintiff's suit was filed, he saw the note in the hands of Mrs. Harp's son (who was not shown to be connected in any way with the plaintiff), who demanded payment of the note, was merely proof of a *declaration* tending to show that the plaintiff was not a bona fide holder, for value, of the note before its maturity. On the contrary, this testimony was proof of the material fact that the note, after it was due and before the plaintiff's suit was brought, was in the possession

of a person other than the plaintiff, and it strongly tended to show that the plaintiff had acquired possession of the note after its maturity. This testimony was certainly of probative value and raised an issue of fact which should have been submitted to the jury. It follows that the court erred in directing a verdict for the plaintiff.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*