18171. WHITTLE *v.* CITIZENS BANK OF ASHBURN.

BELL, J. 1. A transferee of a negotiable promissory note, who received the note from the payee before maturity, as collateral security for the payment of a pre-existing debt, without notice of any equities existing between the maker and the payee, is a bona fide holder for value. Civil Code (1910), § 4289; *Linderman* v. *Atkins*, 143 *Ga.* 366 (2) (85 S. E. 101); *Patterson* v. *Peterson*, 15 *Ga. App.* 680 (2) (84 S. E. 163).

2. Where such a note is placed in suit by one as indorsee, its introduction in evidence by the plaintiff at the trial, with the payee's blank indorsement thereon, establishes prima facie that the plaintiff acquired it for value before maturity, and without notice of any fact tending to defeat its collection. *Bank of Cumming* v. *Bruce*, 22 *Ga. App.* 237 (95 S. E. 759).

3. This case was before this court on a previous occasion (see *Whittle* v. *Citizens Bank of Ashburn*, 29 *Ga. App.* 308, 114 S. E. 920), when the judgment of the trial court directing a verdict in favor of the plaintiff was reversed. Under the law as then laid down, now the law of the case, evidence that the note in question was seen in the hands of a third person after maturity was a sufficient circumstance, if unexplained, to carry the case to the jury on the question of whether the holder procured the note before or after maturity. However, on the second trial the plaintiff holder came forward with evidence explaining such possession, and establishing conclusively and as a matter of law

Appeal and Error, 4 C. J. p. 874, n. 45.

Bills and Notes, 8 C. J. p. 488, n. 21; p. 844, n. 21; p. 989, n. 2; p. 1046, n. 99.

Pledges, 31 Cyc. p. 888, n. 15; p. 889, n. 20.

that the third person referred to held the note merely as agent for the plaintiff for purposes of collection. Thus the burden of proof was again cast upon the defendant, and, in the absence of further evidence, a finding was demanded in favor of the plaintiff on the question of whether it was an innocent holder. *Republic Truck Sales Corp.* v. *Padgett,* 30 *Ga. App.* 474 (12) (118 S. E. 435); *Neill* v. *Hill,* 32 *Ga. App.* 381 (2) (123 S. E. 30).

4. In a case of this sort, where there are facts which would constitute a valid defense as against the original payee, the defendant may by appropriate plea prevent a recovery by the holder of more than the debt secured by the collateral note sued on; but the defendant has the onus not only of proving but of pleading that the secured debt is less than the amount of the collateral, and no such plea was filed in the instant case. *Linderman* v. *Atkins,* supra; *Burgess* v. *Calhoun National Bank,* 154 *Ga.* 193 (3) (113 S. E. 800).

5. Where a note held as collateral security is placed by the holder in suit, and pending the suit the debt secured by the collateral note is paid, the holder has the legal right to continue the prosecution of the suit, taking the proceeds of the recovery, if there be any, as trustee for those who are legally or equitably entitled thereto. *Houser* v. *Houser,* 43 *Ga.* 415; *Johnston* v. *Gulledge,* 115 *Ga.* 981 (1, 3) (42 S. E. 354). Compare *Brown* v. *West,* 35 *Ga. App.* 444 (2) (133 S. E. 104); *Callaway* v. *Perkins,* 36 *Ga. App.* 798 (2) (138 S. E. 241).

6. Applying the above rulings, the verdict directed in favor of the plaintiff was demanded, even assuming that the defendant established facts which would have constituted a good defense against the original payee.

7. But assuming again that a defense against the original payee was shown, and that upon some ground the court committed error in directing the verdict in favor of the plaintiff for the full amount sued for, the defendant was in no view entitled to an abatement of more than $100 of the purchase-price as of the date of the note in controversy; and the plaintiff, at the hearing of the motion for new trial, having written off the judgment this amount with a proportionate part of interest and attorney's fees, any possible error during the trial was cured.

8. The court did not err in refusing a new trial.

    *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 16, 1928.   REHEARING DENIED FEBRUARY 18, 1928.

Complaint; from Upson superior court—Judge Searcy. April 30, 1927.

*James R. Davis,* for plaintiff in error.

*James H. Pate, W. M. Dallas,* contra.