### 19748. WHITTLE *v.* HARP.

DECIDED JULY 9, 1929.

*James R. Davis*, for plaintiff in error. *James H. Pate*, contra.

LUKE, J. On June 23, 1928, W. A. Whittle brought an action for damages against Mrs. E. E. Harp. The controlling question in this case is whether or not the court erred in sustaining the defendant's demurrer and dismissing the petition, on the ground that the action was barred by the statute of limitations.

The petition alleged that defendant damaged plaintiff in the sum of $3,548.78 by reason of the following facts: On or about February 5, 1920, plaintiff purchased from defendant a tract of land containing 551-1/2 acres at a price of $12.50 per acre, aggregating $6,893.75. On March 10, 1920, the day the land was to be paid for, plaintiff ascertained that defendant did not have a merchantable title to all of the land, "so she agreed that she would execute to petitioner her bond for title upon his paying to her the sum of $3,000 in cash and giving his note to her for the sum of $3,-893.75, due October 15, 1920, with interest until the date of maturity at 8 per cent. per annum, and in the meantime warranting the title to said lands." This was done in order that plaintiff could cut timber off said land without hindrance from any other claimants, and in order that defendant could furnish plaintiff with an absolute fee-simple title to the property. This $3,000 was paid, the note executed, and the bond for title, stipulating for good and sufficient title, given as agreed between the parties. It was understood by the parties when the agreement was entered into that the title to the land should be perfected before the note became due. When the note fell due, the plaintiff told the defendant he was ready to pay the note if she could convey merchantable title to the land, but defendant said she would make a warranty deed, and that this was all she would do. When the offer to pay the note was made, the defendant, without the knowledge of the plaintiff, and in order to cut off his defenses to the note, had already transferred it to Citizens Bank of Ashburn, an innocent purchaser. Plaintiff had a perfect defense against defendant, but none against the said innocent purchaser. The said bank sued plaintiff on the note on October 17, 1921, and procured a directed verdict against him. The Court of Appeals held that the judge erred in directing the verdict (*Whittle* v. *Citizens Bank of Ashburn*, 29 *Ga. App.* 308,

114 S. E. 920), and on the second trial the jury failed to agree. On the third trial, a verdict was directed against this plaintiff, and the Court of Appeals affirmed the judgment of the trial court. (37 *Ga. App.* 693, 141 S. E. 668). By failing to comply with her said contract and transferring the said note to the said innocent purchaser, the defendant caused the plaintiff to expend in interest, attorney's fees, and costs $3,048.70 in excess of what he owed on said note. Plaintiff sued also for $500 as attorneys' fees because of defendant's alleged bad faith.

The defendant demurred to the petition, upon the ground that it failed to set out a cause of action, and because the alleged cause of action "arose more than four years next before the filing of the suit, and is therefore barred by the statute of limitations."

Plaintiff amended the petition by alleging: 1. On October 17, 1921, the Citizens Bank of Ashburn brought suit against plaintiff on said note, and plaintiff pleaded that said bank took said note with full knowledge of his defense against Mrs. E. E. Harp, which defense was pleaded against said bank. 2. Said case continued in court, and was not finally determined until January 16, 1928, "and plaintiff did not know, and could not tell, until said case was finally determined, whether he would have to pay the full amount sued for," and until then plaintiff did not have a cause of action against defendant. 3. As soon as plaintiff finally determined that he could not sustain his defense against said bank, plaintiff made demand upon Mrs. E. E. Harp to refund him the amount he had to pay out over and above what he was legally due her. Payment was refused, and plaintiff brought this action. 4. "Plaintiff alleges that the defendant in this case did not become indebted to him and his cause of action did not accrue until the case of the Citizens Bank of Ashburn was finally determined, which was January 16, 1928."

The defendant amended her original demurrer by alleging that "the alleged cause of action, if ever the plaintiff had any, arose more than six years before the filing of plaintiff's suit, and is therefore barred by the statute of limitations." The court sustained "the general demurrer as amended and renewed," and dismissed the petition.

The gravamen of this action is the transfer of the note, whereby plaintiff was deprived of the right to make his defense against the

innocent holder, Citizens Bank of Ashburn. The transfer necessarily occurred before October 15, 1920, the due date of the note. Evidently W. A. Whittle must have known of the said transfer on or about October 17, 1921, the time the bank sued him on the note. Nevertheless the plaintiff in error did not bring the present action until June 23, 1928. We are constrained to disagree with his contention that Mrs. Harp "did not become indebted to him, and his cause of action did not accrue until the case of the Citizens Bank of Ashburn was finally determined . . on January 16, 1928;" and to hold that this action is barred by the statute of limitations. See *Gould* v. *Palmer*, 96 *Ga.* 798 (22 S. E. 583) ; *Houser* v. *Farmers' Supply Co.*, 6 *Ga. App.* 102 (2) (64 S. E. 293) ; *Raleigh & Gaston R. Co.* v. *W. & A. R. Co.*, 6 *Ga. App.* 616, 624 (65 S. E. 586) ; *Lilly* v. *Boyd*, 72 *Ga.* 83 ; *A., K. and N. Ry. Co.* v. *McKinney*, 124 *Ga.* 929 (8), 937 (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. S. R. 215).

It follows from what has been said that the judge did not err in sustaining the demurrer and dismissing the petition. .

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*