19970.   COOK *v.* CLARKE CHEVROLET COMPANY.

BELL, J.   1. In the trial of the instant trover suit to recover an automobile sold by the plaintiff to the defendant under a contract of conditional sale, which contract together with the title to the property therein described the plaintiff had transferred to a finance company, the court did not err in admitting in evidence a retransfer by the finance company to the plaintiff, over objection that the retransfer was not dated and thus did not appear to have placed the title to the automobile back into the plaintiff before the filing of the suit, it appearing from aliunde evidence introduced by the plaintiff that the retransfer, while not dated, was actually executed and delivered before the suit was filed. Compare *Dunlap-Huckabee Auto Co.* v. *Central Georgia Automotive Co.,* 31 *Ga. App.* 617 (122 S. E. 69), and cases cited.

2. In such a case the defendant could not set off as against the balance of the purchase-money an obligation of the plaintiff to a third person as evidenced by a "credit slip" from which it appeared that such third person had delivered an automobile to the plaintiff for trading purposes, and had received a promise by the plaintiff to allow him therefor a stated sum as a credit on a new car, at such time as he might desire to purchase the same. Assuming that the agreement was one which could be assigned to the defendant, it bound the plaintiff to respond only by accepting the "credit slip" in part payment of a new car, and could not properly be tendered by the assignee in payment of an automobile previously purchased by him. *Butler* v. *Sams*, 138 *Ga.* 748 (75 S. E. 1127); *Busbee* v. *Chapman*, 139 *Ga.* 19 (76 S. E. 377); *Adams* v. *Fleming*, 33 *Ga. App.* 742 (1) (127 S. E. 819).

3. The fact that the original holder of such "credit slip" was the minor son of the defendant and had notified the plaintiff that he would "rescind" the transaction upon which the credit slip was predicated, would not alter the case. A rescission between the minor and the plaintiff could have operated only to restore the automobile for which the credit slip was issued, and a mere notification that the minor would or did rescind would not have the effect of converting such credit memorandum into a cash obligation so as to entitle the defendant to claim the same as a credit upon his indebtedness to the plaintiff.

4. A complaint that after the plaintiff had introduced evidence in chief and the defendant had offered testimony in support of his defense and in rebuttal to the evidence of the plaintiff, and after the plaintiff had then replied with testimony in rebuttal to that of the defendant, the court directed a verdict for the plaintiff before the defendant had closed his case and at a time when the defendant's attorney was endeavoring to explain to the court that the defendant had not closed and desired to introduce additional testimony, will not require a reversal, where the counsel for the plaintiff in error, in his brief filed in this court, concedes that the only additional evidence which the defendant would have sought to introduce consisted of certain letters written by the finance company to the defendant and his attorney, copies of which are fully set out in the brief, and where it appears from an examination of the same that the letters would not have been admissible or relevant for any purpose whatever.

5. Letters written by the finance company (not a party in the case) to the defendant and his attorney on dates subsequent to the filing of the suit and containing evasive statements as to the date of the execution of the retransfer to the plaintiff, or even contradicting the contention of the plaintiff as to the date of the retransfer, would not, without more, have been admissible for the purpose of proving that such document was not executed until after the suit was filed. Under such circumstances, the contents of the letters amounted only to hearsay and could not be considered as having probative value. Civil Code (1910), § 5767; *Wright* v. *Zeigler*, 70 *Ga.* 501 (3); *Harris* v. *Bank of Little Rock*, 107 *Ga.* 407 (33 S. E. 404); *Wyche* v. *Bank of Campbell County*, 161 *Ga.* 329 (5) (130 S. E. 566); *Bank of Cumming* v. *Bruce*, 22 *Ga.*

*App.* 237 (95 S. E. 759); *Georgia State Bank* v. *Harden*, 32 *Ga. App.* 300 (3) (124 S. E. 68).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 21, 1930.

*J. D. Bower Jr.,* for plaintiff in error. *J. E. Drake,* contra.