20717. CARL S. STRICKLAND COMPANY *et al. v.* UNION BANKING COMPANY.

BELL, J. 1. The trial judge was not disqualified because he and a stockholder of the plaintiff corporation were married to sisters. *Lee v. Jones,* 161 *Ga.* 829 (132 S. E. 79); *Central R. Co. v. Roberts,* 91 *Ga.* 513 (18 S. E. 315).

2. While the judge was related by affinity to a nephew of his wife (*James v. Douglasville Banking Co.,* 26 *Ga. App.* 509, 106 S. E. 595), the fact that this nephew appeared as attorney for the plaintiff did not serve to disqualify the judge, it not appearing that such attorney was employed on a contingent basis or had any other than a professional interest in the litigation. *Carson v. Blair,* 31 *Ga. App.* 60 (2) (121 S. E. 517); *Young v. Harris,* 146 *Ga.* 333 (91 S. E. 37).

3. The fact that the officer and agent of the payee corporation who negotiated the note to the plaintiff bank was also an officer of the bank did not operate to charge the bank with any knowledge which he may have possessed as to defenses in favor of the maker,-where the bank acted, not through such common officer, but through its cashier, in acquiring the note. *Taylor* v. *Felder*, 3 *Ga. App.* 287 (59 S. E. 844) ; *Reed* v. *West Loan & Trust Co.*, 22 *Ga. App.* 397 (2) (95 S. E. 1002) ; *Habersham Bank* v. *Merritt*, 157 *Ga.* 695 (2) (122 S. E. 37) ; *Guaranty Investment Co.* v. *Athens Engineering Co.*, 152 *Ga.* 596 (110 S. E. 873). In such a case the representative of the indorser or transferor is not acting in a dual capacity, and the rule as to imputing to the principal the knowledge of a person so acting is inapplicable. *Morris* v. *Georgia Loan Co.*, 109 *Ga.* 12. (2) (34 S. E. 378, 46 L. R. A. 506) ; *Town of Douglasville* v. *Mobley*, 169 *Ga.* 53 (1 b) (149 S. E. 575).

4. The note sued on being a renewal of a prior instrument of like tenor and effect, evidence that the plaintiff's cashier would not agree to such renewal until the payee indorser had first consented, and that the new note was then executed and indorsed in like manner as the previous one, was insufficient to raise any issue either as to the plaintiff's ownership of the note in suit or as to the good faith of its holding. It was entirely proper to consult the payee, in order to insure its indorsement of the new paper. *First National Bank* v. *Messer*, 136 *Ga.* 226 (2), 227 (71 S. E. 148) ; *Ennis* v. *Reynolds*, 127 *Ga.* 112 (56 S. E. 104) ; Ga. L. 1924, p. 126, §§ 66, 89, Michie's Code of 1926, §§ 4294 (66), 4294 (89). Nor would the case be altered as to these questions by additional evidence that an attorney purporting to speak for the payee had offered to accept certain property in part payment of the note, it not appearing that the plaintiff had authorized, or was in any way a party to, such offer. *Harris* v. *Bank of Little Rock*, 107 *Ga.* 407 (33 S. E. 404) ; *Wyche* v. *Bank of Campbell County*, 161 *Ga.* 329 (5) (130 S. E. 566) ; *Rabun* v. *Commercial National Bank*, 21 *Ga. App.* 43 (93 S. E. 524) ; *Whittle* v. *Citizens Bank*, 29 *Ga. App.* 308 (114 S. E. 920), s. c. 37 *Ga. App.* 693 (3) (141 S. E. 668) ; *Cook* v. *Clarke Chevrolet Co.*, 41 *Ga. App.* 389 (5) (153 S. E. 88).

5. The plaintiff, appearing to be the owner of the note sued on, was presumably a holder in due course, that is, an innocent holder for value. There was no evidence to overcome this presumption, nor, therefore, to admit the defenses claimed against the payee. *Edwards* v. *Vidalia Grocery Co.*, 144 *Ga.* 514 (87 S. E. 675, L. R. A. 1916D, 624) ; Ga. L. 1924, p. 126, §§ 45, 59.

6. Moreover, the execution of the renewal note, without express or implied reservation, waived the defenses of fraud and failure of consideration, the same being known to the defendants at the time. *Jesse French Piano Co.* v. *Barber*, 5 *Ga. App.* 344 (63 S. E. 233) ; *McDaniel* v. *Mallary*, 6 *Ga. App.* 848 (2) (66 S. E. 146) ; *Reeves Tractor Co.* v. *Barrow*, 30 *Ga. App.* 420 (6) (118 S. E. 456) ; *Windham* v. *Doles*, 59 *Ga.* 265 (2).

7. The court did not err in the rulings upon objections to testimony.

8. The court did not err in directing the verdict for the plaintiff, nor in thereafter refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 14, 1931.

*Andrew J. Tuten, T. J. Townsend,* for plaintiffs in error.
*Quincey & Quincey,* contra.