22252. HIATT, receiver, *v.* TUMLIN.

DECIDED NOVEMBER 23, 1932.

*Robert R. Forrester, Fulwood & Fulwood,* for plaintiff.

*J. S. Ridgdill, C. A. Christian,* for defendant.

HOOPER, J. (After stating the foregoing facts.) It appears from the record that the receiver of the bank came into court with the mortgage-note executed by the defendant in favor of Kano Goff and duly endorsed by the latter. The plaintiff also introduced the renewal note dated March 3, 1928, and it appeared from the undisputed testimony of witness Hendry that this renewal note had been given in order to represent the unpaid balance due upon the original mortgage-note for the purpose of granting to the maker (the defendant in this case) an extension of time, and with the express understanding that the security upon the original mortgage-note was not to be disturbed. The plaintiff sought to recover from the maker of the renewal note the amount due thereon and to establish the lien created by the original mortgage-note. Under the above-stated circumstances the presumption arose that the plaintiff was the bona fide holder of the mortgage-note for value and before maturity, and, as transferee thereof, was entitled to enforce such security in this action in the superior court. The presumption also arose that the indebtedness by Kano Goff to the bank was sufficient to consume the collateral which he gave to the bank, and the onus of pleading and proving a less amount was upon the defendant. *Linderman* v. *Atkins,* 143 *Ga.* 366 (3) (85 S. E. 101); *Whittle* v. *Citizens Bank of Ashburn,* 37 *Ga. App.* 693 (4) (141 S. E. 668). There was no demurrer to the petition.

It is clear to our minds that the giving of the new unsecured note by defendant Tumlin for the unpaid balance of the original mortgage-note upon which the defendant was liable did not constitute such a novation in the contract between the parties as to destroy the lien created by the original mortgage-note: No new consideration and no new party was added, but, on the other hand,

the parties at that time expressly agreed that the lien created by the original note was to remain of force, and, in our opinion, this lien was not impaired. See Civil Code (1910), § 4226. *Wofford* v. *Gaines,* 53 *Ga.* 485; *American Mortgage Co.* v. *Rawlings,* 127 *Ga.* 82 (56 S. E. 110). From the foregoing it is clear that the plaintiff was entitled to a verdict and judgment for principal, interest, and attorney's fees upon the renewal note, and was also entitled to have such judgment for such sums declared to be a lien against the property given as security in the original mortgage paper, unless the defendant by his plea and the evidence introduced thereunder had successfully defeated such right of the plaintiff. In our opinion, the mere certified copy of the record showing the transfer and cancellation of the mortgage-note (though no objection was made to its admission in evidence) did not, under the facts of this case, constitute even an issuable defense. The purported transfer of the original note from the estate of Kano Goff was signed "G. F. Clark, admr. Est. Kano Goff." It does not appear that even if such transfer was intended to be a transfer and endorsement by the administrator in his official capacity, he, as administrator, had any authority to sell and transfer the mortgage-note belonging to the estate which he represented. Section 4025 of the Civil Code authorizes an administrator to sell notes belonging to the estate, provided, after due diligence, the notes have not been collected and the makers thereof are deemed insolvent or doubtful; and even then the administrator must obtain an order of the ordinary and sell at public outcry. "An administrator can not, without an order from the ordinary, legally sell a promissory note payable to his intestate, which has come into his hands as assets." *Thompson* v. *Thompson,* 77 *Ga.* 692 (3 S. E. 261). The defendant not only failed to show any authority by the administrator to transfer the mortgage-note, but the undisputed testimony showed that the mortgage-note remained at all times in the possession of the bank, and therefore, if payment of the note had in fact been made to Dan Fletcher, alleged transferee (as to which there is no sworn testimony), it is clear that the note was not delivered up at the time of such payment. Neither does the defendant deny that he executed the various renewal notes under the circumstances related by Mr. Hendry, although he contended in his plea and answer "that said note dated March 23, 1928, for $385.46, due October 15, 1928,

. . is without any consideration whatever, as the note and mortgage [of] which this note is alleged to be a renewal was fully paid off and discharged and cancelled of record on October 24, 1925." The entries as to settlement of the suit brought on the original note, appearing on the face of the pleadings and on the issue docket, were not signed, and the testimony shows, without dispute, that such suit was dismissed by agreement of the parties under the foregoing circumstances. Under all the testimony in the case it appears that the defendant did not sustain the allegations of his plea that the mortgage-note had been paid.

While the able trial judge properly directed a verdict for the plaintiff for the amount sued for, the evidence in this record demanded also a finding in favor of the plaintiff for establishment of the lien as prayed for, and the trial court, therefore, erred in overruling the plaintiff's motion for a new trial, based on the general grounds only.

*Judgment reversed. Broyles, C. J., concurs. MacIntyre, J., not presiding.*