22161. FEDERAL RESERVE BANK OF ATLANTA *v.* HAYNIE *et al.*

STEPHENS, J. 1. "A fact can not be established by circumstantial evidence which is perfectly consistent with direct, uncontradicted, reasonable, and unimpeached testimony that the fact does not exist." *Neill* v. *Hill,* 32 *Ga. App.* 381 (2b) (123 S. E. 30) ; *Frazier* v. *Ga. R. &c. Co.,* 108 *Ga.* 807 (33 S. E. 996). As stated by Mr. Justice Van Devanter in United States Fidelity & Guaranty Co. *v.* Des Moines National Bank, 145 Fed. 273, "If the facts are consistent with either of two opposing theories, they prove neither." As was also stated in Smith *v.* First National Bank, 99 Mass. 605 (97 Am. D. 59), "when the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof." See authorities collected in *Taylor* v. *State,* 44 *Ga. App.* 387, 417, 418 (161 S. E. 793).

2. Assuming that the presumption that the holder of a note who is the transferee is a holder in due course may be rebutted by evidence of the payee's possession of the note after its maturity, together with evidence of a statement made by the payee while in possession of the note which is consistent with and indicative of the payee's ownership of the note, yet where the payee's statement was as consistent with the fact of his agency for the transferee to collect the note as with his ownership of the note, the statement, even though it may be considered as relevant as a circumstance which, when taken in connection with the payee's possession of the note after maturity, would create a presumption, or authorize an inference, that the payee at the time was the owner of the note, can not be taken to establish the payee's possession of the note as that of the owner of the note or to impeach the testimony of the payee that his possession of the note after its maturity was that of agent for the transferee to collect it, and that the transferee had acquired it for value prior to maturity, where the payee's possession is explained by direct testimony which is reasonable, and otherwise uncontradicted and unimpeached, that the transferee was the owner of the note and had acquired it for value prior to maturity, and that the payee had possession of the note as agent of the transferee for collection only.

3. Where the payee bank, while in possession of the note, made a statement, through one of its officers in a letter to the obligor of the note requesting payment, that "It is expensive to us to have to write those who owe us from time to time in order to get notes settled or shaped up," and that "first class service on our part and good credit for the customer depend on obligations being given prompter attention," and said, "Please let us hear from you at once, as we must dispose of this paper," the letter, by its use of the expressions in the first person,—"us," "our," "we," etc.,—could have reference to the bank as the agent of the transferee, and is therefore as consistent with the bank's making the statement as agent for the transferee, as the owner of the note, as with the bank's making the statement for and in behalf of itself as owner of the note.

4. In a suit by the holder of a note who is the transferee, against the maker who signed the note ostensibly as a principal, where the defense pleaded is that the plaintiff was not a holder in due course, and that the defendant, at the time of the execution of the note, was a married woman and executed the note as a surety for her husband's debt and is therefore not liable, where, upon the trial there is adduced evidence that the payee, who is a bank, was in possession of the note, endeavoring to collect it from the defendant after its maturity, and also evidence of the statement contained in paragraph 3 above, any inference arising from this evidence which might rebut the presumption that the plaintiff was a holder in due course is completely dispelled by the otherwise uncontradicted and unimpeached direct testimony of the agent for the payee bank, who had written the letter referred to, that on a specific date prior to the maturity of the note the payee bank had indorsed it and transferred it to the plaintiff for a valuable consideration, and that the plaintiff thereby acquired title to the note, and that the possession of the note by the payee bank after its maturity was by the bank as agent for the plaintiff, the owner, for the purpose of collection.

5. As against the plaintiff, the statements contained in the letter from the payee, made while the payee was in possession of the note, were relevant, and admissible in evidence, as circumstances tending to explain the payee's possession of the note. *Whittle* v. *Citizens Bank of Ashburn*, 29 *Ga. App.* 308 (114 S. E. 920) ; *Johnson County Savings Bank* v. *Richardson*, 9 *Ga. App.* 466 (71 S. E. 757). In *Harris* v. *Bank of Little Rock*, 107 *Ga.* 407 (33 S. E. 404), and *Rabun* v. *Commercial National Bank of Macon*, 21 *Ga. App.* 43 (93 S. E. 524), in which it was held that declarations made by the payee of a note, when not made to the transferee or with his knowledge, are not admissible against the transferee as plaintiff, it did not appear that the payee, when making the declarations, was in possession of the note.

6. The uncontradicted evidence having completely destroyed any presumption or inference of ownership of the note by the payee bank after its maturity, and having established the plaintiff as a holder in due course, the evidence demanded a verdict for the plaintiff against the defendant's plea of suretyship, and was therefore insufficient to authorize the verdict found for the defendant. *Judgment reversed. Jenkins, P. J., concurs.*

SUTTON, J., concurs in the judgment.

*R. Howard Gordon,* for plaintiff.
*Worley Adams, Clarence E. Adams,* for defendants.