### 28747. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* HARDEN.

DECIDED FEBRUARY 7, 1941. REHEARING DENIED MARCH 26, 1941.

594

*Neely, Marshall & Greene,* for plaintiff in error.

*W. M. Sapp, I. C. Adams,* contra.

FELTON, J. (After stating the foregoing facts.) The judge of the superior court erred in reversing the award of the Industrial Board, which denied compensation to the claimant. Notwithstanding the fact that the claimant testified that she had a sharp pain in her shoulder before her lunch time, she testified that she continued to work, and that while she was eating her lunch she became sick and suffered a stroke. She also testified that she was advised by her husband on the morning of the attack that she should not go to work on account of her physical condition. In cases of this kind the burden of proof is on the claimant to establish the fact that he has sustained an accidental injury such as is contemplated by the workmen's compensation act. The Industrial Board found as a fact that this burden had not been carried by the claimant. This finding is binding on all courts when there is evidence in the record to support it. The evidence in the present case does not exclude every reasonable hypothesis except that the claimant had sustained an accidental injury. Since this is true, the claimant has failed to carry the burden, and the court erred in reversing the award of the Industrial Board. "If the facts are consistent with either of two opposing theories, they prove neither." United States Fidelity & Guaranty Co. *v.* Des Moines National Bank, 145 Fed. 273; *Federal Reserve Bank* v. *Haynie,* 46 *Ga. App.* 522 (168 S. E. 112) ; *Taylor* v. *State,* 44 *Ga. App.* 387 (161 S. E. 793).

*Judgment reversed. Sutton, J., concurs. Stephens, P. J., concurs in the judgment.*